**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| C. KENNETH COULTER, On Behalf of Himself and All Others Similarly Situated, : : : Plaintiff, : : v. : : MORGAN STANLEY, MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, THE INVESTMENT COMMITTEE, THE PLAN ADMINISTRATOR, THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, JOHN J. MACK, ROY J. BOSTOCK, ERSKINE B. BOWLES, SIR HOWARD J. DAVIES, KAREN JAMESLEY, C. ROBERT KIDDER, DONALD T. NICOLAISEN, CHARLES H. NOSKI, HUTHAM S. OLAYAN, CHARLES E. PHILLIPS, JR., O. GRIFFITH SEXTON, DR. LAURA D. TYSON, DR. KLAUS ZUMWINKEL, and JOHN DOES 1-30, : : : : : Defendants. : | Civil Action No.: 07 Civ. 11624 (RWS) (Caption Continued) |

**NOTICE OF MOTION OF PLAINTIFF C. KENNETH COULTER
FOR CONSOLIDATION, APPOINTEMENT AS INTERIM LEAD
PLAINTIFF AND APPOINTMENT OF INTERIM CO-LEAD COUNSEL**

| | |
|---|---|
| CAROLYN EGAN, On Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, MORGAN STANLEY, THE INVESTMENT COMMITTEE OF THE MORGAN STANLEY 401(k) PLAN (f/k/a THE MORGAN STANLEY DPSP/START PLAN), THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, WALID A. CHAMMAH, CHARLES CHASIN, ZOE CRUZ, RICHARD PORTOGALLO, JAMES P. GORMAN, NEAL A. SHEAR, CORDELL G. SPENCER, and JOHN DOE DEFENDANTS 1-30, <br><br> Defendants. | Civil Action No.: 07 Civ. 11285 (RWS) |
| JOHN SIEFKEN, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN STANLEY, MORGAN STANLEY & CO. INC., MORGAN STANLEY PLANS "INVESTMENT COMMITTEE," MORGAN STANLEY PLANS "ADMINISTRATIVE COMMITTEE," JOHN J. MACK, C. ROBERT KIDDER, ERSKINE B. BOWLES, DONALD T. NICOLAISEN, and JOHN DOES 1-10, <br><br> Defendants. | Civil Action No.: 07 Civ. 11456 (JGK) |

PLEASE TAKE NOTICE, that Plaintiff C. Kenneth Coulter will move this Court on February 13, 2008 at 12 p.m., before the Honorable Robert W. Sweet, at the United States Courthouse for the Southern District of New York, 500 Pearl Street, Courtroom 18C, New York,

NY 10007-1312, for entry of an Order (filed herewith) providing for: (i) consolidating the above-captioned actions; (ii) appointing C. Kenneth Coulter as Interim Lead Plaintiff; (iii) approving the Movant's selection of Milberg Weiss LLP and Harwood Feffer LLP to serve as Interim Co-Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.  In support of this Motion, Movant submits herewith a Memorandum of Law, [Proposed] Pre-Trial Order and the Joint Declaration of Lori G. Feldman and Robert I. Harwood, dated January 9, 2008.

DATED: January 9, 2008

Respectfully Submitted,

**MILBERG WEISS LLP**

By:     /s/ Lori G. Feldman
          Lori G. Feldman

Lori G. Feldman (LF 3478)
lfeldman@milbergweiss.com
Arvind Khurana (AK 3643)
akhurana@milbergweiss.com
One Pennsylvania Plaza
New York, NY  10119
Tel: (212) 594-5300
Fax: (212) 868-1229

**HARWOOD FEFFER LLP**

By:     /s/ Robert I. Harwood
          Robert I. Harwood
Robert I. Harwood (RH 3287)
rharwood@hfesq.com
Samuel Rosen (SR 3287)
srosen@hfesq.com
488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400
Facsimile:  (212) 753-3630

*Counsel for Plaintiff C. Kenneth Coulter and
Proposed Co-Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I, Arvind Khurana, an attorney with the law firm Milberg Weiss LLP, hereby certify that I caused a true and correct copy of the following documents to be served with the Clerk of the Court using the CM/ECF system, which will send notifications of filing to the CM/ECF participants listed on the attached Service List, and caused all counsel listed on the Service List to be served by regular U.S. Mail on this 9th day of January 2008:

1. NOTICE OF MOTION OF C. KENNETH COULTER FOR CONSOLIDATION, APPOINTMENT AS INTERIM LEAD PLAINTIFF AND APPOINTMENT OF INTERIM CO-LEAD COUNSEL;

2. [PROPOSED] PRE-TRIAL ORDER NO. 1 CONSOLIDATING ERISA ACTIONS, APPOINTING INTERIM LEAD PLAINTIFF, AND APPOINTING INTERIM CO-LEAD COUNSEL;

3. MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF C. KENNETH COULTER'S MOTION FOR CONSOLIDATION, APPOINTMENT AS INTERIM LEAD PLAINTIFF AND APPOINTMENT OF INTERIM CO-LEAD COUNSEL; and

4. JOINT DECLARATION OF LORI G. FELDMAN AND ROBERT I. HARWOOD IN SUPPORT OF THE MOTION OF C. KENNETH COULTER FOR CONSOLIDATION, APPOINTMENT AS INTERIM LEAD PLAINTIFF AND APPOINTMENT OF INTERIM CO-LEAD COUNSEL.

      /s/ Arvind Khurana
      Arvind Khurana

MORGAN STANLEY ERISA
**SERVICE LIST**

| *Counsel for Plaintiffs:* | |
|---|---|
| Gregory M. Nespole<br>Mark C. Rifkin<br>Michael Jaffe<br>Robert B. Weintraub<br>**WOLF HALDENSTEIN ADLER FREEMAN**<br>  **& HERZ LLP**<br>270 Madison Avenue<br>New York, NY  10016<br>(T) 212.545.4600<br><br>*Attorneys for Plaintiff Carolyn Egan* | Milo Silberstein<br>**DEALY & SILBERSTEIN, LLP**<br>225 Broadway, Suite 1405<br>New York, NY  10007<br>(T) 212.385.0066<br>(F) 212.385.2117<br><br>*Attorneys for Plaintiff John Siefken* |
| Joseph H. Meltzer<br>Edward W. Ciolko<br>Katherine B. Bornstein<br>**SCHIFFRIN BARROWAY TOPAZ**<br>  **& KESSLER, LLP**<br>280 King of Prussia Road<br>Radnor, PA  19087<br>(T) 610.667.7706<br>(F) 610.667.7056<br><br>*Attorneys for Plaintiff John Siefken* | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C. KENNETH COULTER, On Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>MORGAN STANLEY, MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, THE INVESTMENT COMMITTEE, THE PLAN ADMINISTRATOR, THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, JOHN J. MACK, ROY J. BOSTOCK, ERSKINE B. BOWLES, SIR HOWARD J. DAVIES, KAREN JAMESLEY, C. ROBERT KIDDER, DONALD T. NICOLAISEN, CHARLES H. NOSKI, HUTHAM S. OLAYAN, CHARLES E. PHILLIPS, JR., O. GRIFFITH SEXTON, DR. LAURA D. TYSON, DR. KLAUS ZUMWINKEL, and JOHN DOES 1-30,<br><br>        Defendants. | Civil Action No.: 07 Civ. 11624 (RWS)<br><br><br><br>(Caption Continued) |

**[PROPOSED] PRE-TRIAL ORDER NO. 1 CONSOLIDATING
THE ERISA ACTIONS, APPOINTING INTERIM LEAD
PLAINTIFF, AND APPOINTING INTERIM CO-LEAD COUNSEL**

| | |
|---|---|
| CAROLYN EGAN, On Behalf of Herself and All Others Similarly Situated, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, MORGAN STANLEY, THE INVESTMENT COMMITTEE OF THE MORGAN STANLEY 401(k) PLAN (f/k/a THE MORGAN STANLEY DPSP/START PLAN), THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, WALID A. CHAMMAH, CHARLES CHASIN, ZOE CRUZ, RICHARD PORTOGALLO, JAMES P. GORMAN, NEAL A. SHEAR, CORDELL G. SPENCER, and JOHN DOE DEFENDANTS 1-30, : <br> : <br> Defendants. : | Civil Action No.: 07 Civ. 11285 (RWS) |
| JOHN SIEFKEN, On Behalf of Himself and All Others Similarly Situated, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MORGAN STANLEY, MORGAN STANLEY & CO. INC., MORGAN STANLEY PLANS "INVESTMENT COMMITTEE," MORGAN STANLEY PLANS "ADMINISTRATIVE COMMITTEE," JOHN J. MACK, C. ROBERT KIDDER, ERSKINE B. BOWLES, DONALD T. NICOLAISEN, and JOHN DOES 1-10, : <br> : <br> Defendants. : | Civil Action No.: 07 Civ. 11456 (JGK) |

**WHEREAS**, the above-referenced actions (collectively, the "ERISA Actions") allege breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") involving the Morgan Stanley 401(k) Plan ("401(k) Plan") and the Morgan

Stanley Employee Stock Ownership Plan ("ESOP") (collectively, the "Plans"), retirement plans established as benefits for Morgan Stanley and Morgan Stanley & Co., Inc. (collectively, "Morgan Stanley" or "the Company ") employees, and such actions involve common questions of law and fact;

**WHEREAS**, appointment of interim Lead Plaintiff and Co-Lead Counsel is appropriate and consistent with the recommendations of the *Manual for Complex Litigation* (4th ed. 2004) and Fed. R. Civ. P. 23(g)(2);

**NOW, THEREFORE, THE COURT ORDERS** as follows:

## CONSOLIDATION OF RELATED ACTIONS

1. The ERISA Actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action"). They shall be referred to collectively as *In re Morgan Stanley ERISA Litigation*, Master File No. 07 Civ. 11285.

## CAPTION OF CASES

2. Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| IN RE MORGAN STANLEY ERISA LITIGATION | ) ) ) | MASTER FILE NO.: 07 Civ. 11285 |
|---|---|---|
| THIS DOCUMENT RELATES TO: | ) ) | |

3. When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document

shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## **MASTER DOCKET**

4. A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

5. When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

6. When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

## **MASTER FILE AND SEPARATE ACTION FILES**

7. A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 07 Civ. 11285. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each action consolidated herein and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the actions consolidated herein.

## NEWLY-FILED OR TRANSFERRED ACTIONS

8. When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated as provided in Section I above and the Clerk of this Court shall:

- File a copy of this Order in the separate file for such action;

- Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

- Make the appropriate entry in the Master Docket.

9. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

10. This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Plans. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date of service of this Order on counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

11. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate

complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## APPOINTMENT OF INTERIM LEAD PLAINTIFF

12. The Court appoints Plaintiff C. Kenneth Coulter as Interim Lead Plaintiff in the above-captioned ERISA actions and all subsequently filed, related actions consolidated herewith. The Court shall make a final determination regarding the identity of Lead Plaintiffs/Class Representatives on Plaintiff's motion for class certification, or otherwise as the Court deems necessary and appropriate. The interim Lead Plaintiff and Lead Counsel (as identified below) may identify different or additional Lead Plaintiffs/Class Representatives at such time as they move for class certification in this litigation.

## APPOINTMENT OF INTERIM CO-LEAD COUNSEL

13. The Court designates Milberg Weiss LLP and Harwood Feffer LLP to act as Interim Co-Lead Counsel for the Plaintiff in the above-captioned actions and all subsequently filed, related actions consolidated herewith, with the responsibilities hereinafter described:

Co-Lead Counsel shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action:

- directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;
- retaining experts;
- communicating with the Court;
- communicating with defense counsel;
- conducting settlement negotiations;
- collecting and reviewing time and expense records from all plaintiffs' counsel;
- maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

DOCS\422685v1

5

- coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

14. No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through Co-Lead Counsel.

15. All plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide such records upon request to Co-Lead Counsel.

16. Co-Lead Counsel are appointed interim co-lead counsel for the putative plaintiff class(es) pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure in the above-captioned cases.

## SCOPE OF ORDER

17. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## PRELIMINARY SCHEDULE OF PROCEEDINGS

18. To the extent that they have not already done so, Co-Lead Counsel and counsel for the Defendants shall confer regarding (i) the production of certain Plan-related documents; (ii) the filing of a Consolidated Complaint; (iii) Defendants' response to the Consolidated Complaint; and (iv) a briefing schedule if Defendants file a motion in response to the Consolidated Complaint. The parties shall submit the proposed briefing schedule for the Court's approval.

SO ORDERED:

_____
United States District Judge

DATED: _____