# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C. KENNETH COULTER, On Behalf of Himself and All Others Similarly Situated, : | Civil Action No.: 07 Civ. 11624 (RWS) |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| MORGAN STANLEY, MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, THE INVESTMENT COMMITTEE, THE PLAN ADMINISTRATOR, THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, JOHN J. MACK, ROY J. BOSTOCK, ERSKINE B. BOWLES, SIR HOWARD J. DAVIES, KAREN JAMESLEY, C. ROBERT KIDDER, DONALD T. NICOLAISEN, CHARLES H. NOSKI, HUTHAM S. OLAYAN, CHARLES E. PHILLIPS, JR., O. GRIFFITH SEXTON, DR. LAURA D. TYSON, DR. KLAUS ZUMWINKEL, and JOHN DOES 1-30, : | (Caption Continued) |
| : | |
| Defendants. : | |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
## C. KENNETH COULTER'S MOTION FOR CONSOLIDATION, APPOINTMENT AS INTERIM LEAD PLAINTIFF AND INTERIM CO-LEAD COUNSEL

| | |
|---|---|
| CAROLYN EGAN, On Behalf of Herself and All Others Similarly Situated,    :<br>:<br>                               Plaintiff,   :<br>:<br>             v.   :<br>:<br>MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, MORGAN STANLEY, THE INVESTMENT COMMITTEE OF THE MORGAN STANLEY 401(k) PLAN (f/k/a THE MORGAN STANLEY DPSP/START PLAN), THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, WALID A. CHAMMAH, CHARLES CHASIN, ZOE CRUZ, RICHARD PORTOGALLO, JAMES P. GORMAN, NEAL A. SHEAR, CORDELL G. SPENCER, and JOHN DOE DEFENDANTS 1-30,   :<br>:<br>              Defendants.   : | Civil Action No.: 07 Civ. 11285 (RWS) |
| JOHN SIEFKEN, On Behalf of Himself and All Others Similarly Situated,   :<br>:<br>                               Plaintiff,   :<br>:<br>             v.   :<br>:<br>MORGAN STANLEY, MORGAN STANLEY & CO. INC., MORGAN STANLEY PLANS "INVESTMENT COMMITTEE," MORGAN STANLEY PLANS "ADMINISTRATIVE COMMITTEE," JOHN J. MACK, C. ROBERT KIDDER, ERSKINE B. BOWLES, DONALD T. NICOLAISEN, and JOHN DOES 1-10,   :<br>:<br>              Defendants.   : | Civil Action No.: 07 Civ. 11456 (JGK) |

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................1

ARGUMENT .......................................................................................................5

I.    CONSOLIDATION OF THE ERISA ACTIONS IS PROPER UNDER
      THE FEDERAL RULES OF CIVIL PROCEDURE................................5

II.   ORDERLY PROCEDURES FOR CAPTIONING AND FILING
      DOCUMENTS ........................................................................................6

III.  THE PROPOSED LEADERSHIP STRUCTURE...................................6

      A.    Proposed Interim Lead Plaintiff...................................................6

      B.    Proposed Counsel Structure ..........................................................7

IV.   THE CO-LEADERSHIP COUNSEL STRUCTURE PROPOSED BY
      PLAINTIFF COULTER SATISFIES THE REQUIREMENTS OF RULE
      23(G)(1)(C)(1) AND IS IN THE BEST INTERESTS IF THE PLANS'
      PARTICIPANTS AND BENEFICIARIES. ...........................................8

      A.    Counsel for the Plaintiff have Demonstrated a Commitment to
            Identifying and Investigating Potential Claims in This Action .................8

      B.    Counsel For Plaintiff Have Experience In Class Actions, Other
            Complex Litigation, and the Types of Claims Asserted In This Case,
            And Have Knowledge Of The Law Applicable In This Case ....................9

            1.    Milberg Weiss LLP.......................................................10

            2.    Harwood Feffer LLP......................................................14

      C.    Milberg Weiss and Harwood Feffer Have The Necessary Resources
            To Represent the Class..............................................................17

CONCLUSION...................................................................................................18

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*In re Air Cargo Shipping Services Antitrust Litigation*,
   240 F.R.D. 56 (E.D.N.Y. 2006) ...................................................................7

## DOCKETED CASES

*In re AIG ERISA Litigation*,
   No. 04-CV-9387-JES (S.D.N.Y. filed Nov. 30, 2004) ..........................15

*In re Aetna Inc. Securities Litigation*,
   No. 01-CV-9796 (THK) (S.D.N.Y. filed Nov. 6, 2001)........................13

*In re Bank One Shareholders Class Action*,
   No. 00-CV-00880 (N.D. Ill. filed Feb. 11, 2000) ..................................16

*In re Biovail Corp. Securities Litigation*,
   No. 03-CV-8917 (S.D.N.Y. filed Nov. 12, 2003)...................................12

*In re Boston Scientific Corp. ERISA Litigation*,
   No. 06-CV-10105-JLT (D. Mass. filed Jan. 19, 2006) ......................4, 14

*Brieger v. Tellabs Inc.*,
   No. 06-CV-1882 (N.D. Ill. filed Apr. 5, 2006) ......................................15

*Bright v. Conagra Foods, Inc.*,
   No. 05-CV-00348 (D. Neb. Filed July 18, 2005) ...................................15

*Brown v. Janus Capital Group, Inc.*,
   No. 03-CV-2061 (D. Colo. filed Oct. 16, 2003) ....................................15

*Calderon v. Amvescap, PLC*,
   No. 03-CV 2604 (D. Colo. filed Dec. 24, 2003).....................................15

*In re Citigroup Pension Plan ERISA Litigation*,
   No. 05 Civ. 5296 (SAS) (S.D.N.Y. filed June 3, 2005)..........................10

*Corbett v. Marsh & McLennan Co.*,
   No. 03-CV-8893-LAK (S.D.N.Y. filed Nov. 10, 2003) .........................15

*In re Dell, Inc. ERISA Litigation*,
   No. 06-CV-00758 (W.D. Tex. Filed Sept. 25, 2006)..............................14

*In re Deutsche Telekom AG Securities Litigation*,
   No. 00-CV-9475 (NRB) (S.D.N.Y. filed Dec. 13, 2000) .......................13

*Eastman v. Merrill Lynch & Co., Inc.,*
    No. 08-CV-00058 (S.D.N.Y. filed Jan. 4, 2008) ...................................................14

*In re Edison Schools, Inc., Securities Litigation*
    No. 02-CV-3692 (JES) (S.D.N.Y. filed May 15, 2002) ......................................13

*In re Electro-Catheter Corp. Securities Litigation,*
    No. 87-41 (D.N.J. Sept. 7, 1989) .........................................................................14

*In re Fremont General Corp. Litigation,*
    No. 07-CV-02693 (C.D. Cal. Filed Apr. 24, 2007) .............................................14

*Flynn v. Strong Capital Management, Inc.,*
    No. 03-CV-1067-CNC (E.D. Wis. filed Oct. 31, 2003) ......................................15

*In re General Electric Corp. ERISA Litigation,*
    No. 06-CV-315 (N.D.N.Y. filed Mar. 16, 2006) ................................................14

*Shanehchian v. Macy's Inc.,*
    No. 07-CV-00828 (S.D. Ohio filed Oct. 3, 2007).............................................4, 14

*Graden v. Conexant System, Inc.,*
    No. 05-CV-695-SRC-MAS (D.N.J. filed Feb. 1, 2005) ......................................15

*Hillert v. First American Corp.,*
    No. CV07-7602 JVS (C.D. Cal. Filed Nov. 20, 2007) .....................................4, 14

*Green v. CMS Energy Corp.,*
    No. 02-CV-72004 (E.D. Mich. filed May 17, 2002) ...........................................12

*In re ImClone Systems, Inc., Derivative Litigation,*
    No. 02 Civ. 0163 (RO) (S.D.N.Y. filed Jan. 9, 2002) .........................................13

*In re Initial Public Offering Securities Litigation,*
    No. 21-mc-92 (S.D.N.Y. filed Aug. 9, 2001) ......................................................13

*Kaufman v. New Century Financial Corp.,*
    No. 07-CV-00590 (C.D. Cal. filed May 23, 2007) ..............................................12

*Kratz v. Beazer Homes USA Inc.,*
    No. 07-CV-00725 (N.D. Ga. filed Mar. 29, 2007) ..............................................11

*In re Laidlaw Stockholders Litigation,*
    No. 00-CV-00855-JFA (D.S.C. filed March 17, 2000) .......................................16

*McKoy v. Bank of America Corp.,*
    No. 03-CV-8025-GBD (S.D.N.Y. filed Oct. 9, 2003) .........................................15

*In re Martha Stewart Living Omnimedia Inc., Securities Litigation*,
No. 02-CV-6273 (JES) (S.D.N.Y. filed Aug. 6, 2002)............................................13

*Morse v. McWhorter*,
No. 97-CV-00370 (M.D. Tenn. filed Apr. 8, 1997)..............................................15

*New Jersey Carpenters' Pension Fund v. Mozilo*,
No. BC 378319 (Cal. Super. Ct. Los Angeles County 2007) ................................12

*In re Nortel Networks Corp. Securities Litigation*,
No. 01-CV-1855 (S.D.N.Y. filed March 2, 2001) ..........................................12, 13

*In re Oxford Health Plans, Inc. Securities Litigation*,
No. 21-mc-0076-CLB-GAY (S.D.N.Y. filed May 5, 1998)...................................16

*Peterson v. AT&T Corp.*,
No. 99-CV-4982-JLL-RJH (D.N.J. filed Oct. 22, 1999) ......................................15

*Rothstein v. JWP Inc.*,
No. 92-CV-05815-WCC (S.D.N.Y. filed Aug. 4, 1992) .......................................16

*In re Royal Ahold N.V. Securities & ERISA Litigation*,
No. 03-md-01539-CCB (D. Md. filed June 19, 2003)..........................................14

*In re Royal Dutch/Shell Transport ERISA Litigation*,
No. 04-CV-1398-JWB-SDW (D.N.J. filed Mar. 25, 2004)...........................4, 6, 15

*In re Safety-Kleen Corp. Stockholders Litigation*,
No. 00-CV-00736-JFA (D.S.C. filed Mar. 7, 2000) .............................................16

*Salvato v. Zale Corp.*,
No. 06-CV-1124-D (N.D. Tex. filed June 26, 2006)............................................15

*In re Sears, Roebuck & Co. Securities Litigation*,
No. 02-CV-7527 (N.D. Ill. filed Oct. 18, 2002) .................................................12

*Simon v. KPMG LLP*,
No. 05-CV-03189 (D.N.J. filed June 24, 2005)...................................................12

*Stansbery. v AXA Financial Inc.*,
No. 03-CV-8282-PKC-MHD (S.D.N.Y. filed Oct. 20, 2003) ...............................15

*Stevens v. Citigroup, Inc.*,
No. 07-CV-11156 (S.D.N.Y. filed Dec. 11, 2007) ..............................................14

*In re Tyco Securities Litigation*,
No. 02-md-01335 (D.N.H. filed Aug. 23, 2002) ................................................13

*In re UnumProvident Corp. Securities Litigation*,
    No. 99-CV-00301-SJM (D. Me. filed Sept. 30, 1999) ...........................................................16

*In re UnumProvident Corp. Securities Litigation*,
    MDL No. 03-md-1552 (E.D. Tenn. filed Sept. 3, 2003) .........................................................15

*In re Vodafone Group PLC Securities Litigation*,
    No. 02-CV-7592 (AKH) (S.D.N.Y. filed Sept. 18, 2002) .......................................................13

*Walker v. Massachusetts Financial Services Co.*,
    No. 03-CV-12629 (D. Mass. filed Dec. 30, 2003)..................................................................15

*Zarate v. Bank One Corp.*,
    No. 03-CV-7315 (N.D. Ill. filed Oct. 15, 2003) ....................................................................15

## FEDERAL STATUTES

ERISA § 409, 29 U.S.C. § 1109 ..............................................................................................1

ERISA § 104(b), 29 U.S.C. § 1024(b)......................................................................................9

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) .........................................................................1, 7

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) .............................................................................1

Fed. R. Civ. P. 23(g)(1)(A) .............................................................................................4, 7, 8

Fed. R. Civ. P. 23(g)(3)...........................................................................................................8

Fed. R. Civ. P. 42(a) ...............................................................................................................5

## OTHER AUTHORITIES

*Manual For Complex Litigation* (4th ed. 2004)..................................................................5, 6, 7

## <u>INTRODUCTION</u>

Proposed Lead Plaintiff, C. Kenneth Coulter, respectfully submits this Memorandum of Law in support of his Motion for: (1) consolidation, (2) appointment of Interim Lead Plaintiff and Interim Co-Lead counsel; and (3) entry of [Proposed] Pre-trial Order No. 1 (the "Proposed Order").

Plaintiff Coulter initiated one of the three above-captioned actions filed to date in the United States District Court for the Southern District of New York against Morgan Stanley and Morgan Stanley & Co., Inc. (collectively, "Morgan Stanley" or "the Company") and related fiduciaries on behalf of participants in, and beneficiaries of, the Morgan Stanley 401(k) Plan ("401(k) Plan") and the Morgan Stanley Employee Stock Ownership Plan ("ESOP") (collectively, the "Plans").

Each action seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs allege that Defendants breached their fiduciary duties by making and maintaining an investment in Morgan Stanley stock in the Plans when it was no longer prudent to do so. As a result, the Plans' participants lost hundreds of millions of dollars in value from their retirement funds. Plaintiff seeks relief pursuant to Sections 409 and 502(a)(2) and (3) of ERISA, 29 U.S.C. §§ 1109 and 1132(a)(2) and (3), on behalf of the Plans for losses sustained as a result of the Defendants' breaches of their fiduciary duties.

Plaintiff Coulter respectfully submits that he is best suited to represent the putative class because:

- He is a current participant in both the 401(k) Plan and the ESOP;

- His retirement savings are materially invested in Morgan Stanley stock and therefore, has a significant interest in pursuing this action; and

- He was employed at Morgan Stanley for over a decade, and therefore has devoted a significant portion of his career towards serving as a dedicated employee to Morgan Stanley.

Plaintiff Coulter is committed to litigating this case to recover losses suffered by participants in the Plans and understands his legal duties under ERISA to pursue such losses. Mr. Coulter has lost tens of thousands of dollars from his retirement savings. The fact that Mr. Coulter's retirement savings are invested in Morgan Stanley stock, and he suffered significant monetary damage as a result of Defendants' mismanagement of the Plans' assets, provide strong support that he will serve as a dedicated Lead Plaintiff.

Morgan Stanley was and continues to be extensively invested in Collateralized Debt Obligations ("CDOs"), Structured Investment Vehicles ("SIVs") and Conduits. Risk assessment for SIVs is particularly problematic for investors because they are off-the-balance-sheet entities, meaning that they did not have to be included on Morgan Stanley's books. Investors began to pull back from debt sold by SIVs because of their exposure to subprime mortgage securities, causing Morgan Stanley's conduits to be on the brink of collapse. Nevertheless, throughout the Class Period, Morgan Stanley represented to the participants in the Plans and the investing public that it had minimized the extent to which it was exposed to subprime credit, off-the balance sheet entities, CDOs and other credit-specific problems, and maintained that the Company was thriving. Once Morgan Stanley was forced to start revealing its grossly excessive exposure to these losses, Morgan Stanley stock began to drop precipitously. On November 7, 2007, Morgan Stanley issued a press release announcing significant declines in the fair value of subprime related exposure and recorded a breathtaking $3.7 billion write-down. After Morgan Stanley stock hit a 52-week low on November 21, 2007, the Company announced the termination of its Co-President Zoe Cruz. Since the start of the Class Period, Morgan Stanley has taken write-downs totaling a staggering $9.4 billion related to its mortgage operation.

As a result of the foregoing, Defendants knew or should have known that during the Class Period Morgan Stanley stock was an imprudent investment for the Plans due to the fact that Morgan Stanley was so heavily exposed to losses relating to its subprime mortgage securitizations business.

The plaintiffs in this case are employees or former employees of Morgan Stanley who participated in the Plans. They entrusted their retirement savings to the fiduciaries of the Plans. The fiduciaries of the Plans invested the Plans' assets, and thereby, the employee participants' retirement savings, in Morgan Stanley stock despite the fact that they knew or should have known that the Company stock would drastically decline in value due to Morgan Stanley's exposure to subprime mortgage securities.

Upon information and belief, Morgan Stanley regularly communicated with employees, including the Plans' participants, about the Company's performance, future financial and business prospects, and Morgan Stanley stock. During the Class Period, upon information and belief, the Company fostered a positive attitude toward Morgan Stanley stock as a viable investment for the Plans, and/or allowed the Plans' participants to follow their natural bias toward remaining invested in the stock of their employer, even after divestiture was possible, by not disclosing negative material information concerning investment in Morgan Stanley stock. According to the Complaint, the Plans' participants could not appreciate the true risks presented by investments in Morgan Stanley stock and therefore, could not make informed decisions regarding their investments in the Plans.

To promote judicial economy, the Court may consolidate the ERISA cases and appoint an interim lead plaintiff and class counsel. Plaintiff has claims typical of the class and has no conflicts in his ability to vigorously prosecute this case.

In determining the appointment of class counsel, Fed. R. Civ. P. 23(g)(1)(A) provides that the Court must consider:  (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

Milberg Weiss LLP ("Milberg Weiss") and Harwood Feffer LLP ("Harwood Feffer"), experienced ERISA class action firms, continue to dedicate substantial time and resources to advancing Plaintiff's case.  Furthermore, Milberg Weiss and Harwood Feffer have obtained extremely valuable recoveries in other ERISA class action matters and have a close working relationship, as the firms have served as co-lead counsel in other ERISA breach of fiduciary duty class actions, including *In re Royal Dutch/Shell Transport ERISA Litig.*, No. 04-1398-JWB-SDW (D.N.J. filed Mar. 25, 2004), where the firms achieved a settlement for plan members in excess of $90 million, representing one of the largest recoveries ever under ERISA.

Currently, Milberg Weiss and Harwood Feffer are co-lead counsel in *In re Boston Scientific Corp. ERISA Litig.*, No. 06-CV-10105-JLT (D. Mass. filed Jan. 19, 2006).  The two firms also presently serve as co-counsel for the plaintiff in *Shanehchian v. Macy's Inc.*, No. 07-CV-00828 (S.D. Ohio filed Oct. 3, 2007), an action under ERISA pending in the U.S. District Court for the Southern District of Ohio, as well as co-counsel for the plaintiff in *Hillert v. First American, Corp.*, No. CV07-7602 JVS (C.D. Cal. filed Nov. 20, 2007).  Both firms also have extensive experience in complex, financial and fiduciary duty cases such as this one.  Moreover, Milberg Weiss and Harwood Feffer have litigated numerous securities fraud class actions and other complex cases to successful conclusion.  Accordingly, Milberg Weiss and Harwood Feffer respectfully submit that consolidation of the ERISA Actions, appointment of Plaintiff Coulter as

Lead Plaintiff, and appointment of Harwood Feffer and Milberg Weiss as Co-Lead Counsel

would best serve the interests of the proposed class of participants in and beneficiaries of the

Plans, and will help promote judicial economy and efficiency.

## ARGUMENT

Given the substantial similarity of the parties and claims in the above-captioned actions,

Plaintiff follows the guidance of the *Manual for Complex Litigation* (4th ed. 2004) ("*Manual*")

and submits for the Court's approval a proposed form of Proposed Order which:  (1) provides for

the consolidation of the ERISA Actions; (2) establishes efficient procedures for the filing and

docketing of papers; (3) appoints an Interim Lead Plaintiff; (4) proposes a Co-Lead organization

of plaintiff's counsel; and (5) otherwise eliminates wasteful and duplicative litigation.

For the reasons below, Plaintiff respectfully submits that [Proposed] Pre-Trial Order

No. 1 should be entered by the Court.  The proposed order will promote the orderly and efficient

litigation of this action in a manner consistent with the recommendations of the *Manual*.

**I.      CONSOLIDATION OF THE ERISA ACTIONS IS PROPER
         UNDER THE FEDERAL RULES OF CIVIL PROCEDURE**

Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the
> court, it may order a joint hearing or trial of any or all the matters in issue in the
> actions; it may order all the actions consolidated; and it may make such orders
> concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Consolidation of the ERISA Actions is proper because they assert claims under ERISA

against similar defendants and involve common questions of law and fact.  *Id.*

The fiduciaries of the Plans are required to act in the best interest of the Plans'

participants.  Instead, they disseminated false and misleading information to the Plans'

participants contained in company filings and press releases.  This lawsuit seeks to make good to

the Plans' participants losses resulting from Defendants breaches of fiduciary duties caused by the losses attributable to the precipitous decline in Morgan Stanley stock.

Consolidating the ERISA Actions will help to avoid unnecessary costs and delay by preventing duplicative efforts and allowing the court to adjudicate the relevant issues in a single proceeding. Thus, Plaintiff Coulter requests, for purposes of judicial efficiency and effective administration that the Court consolidate these and any additional class actions filed in or transferred to this District asserting claims under ERISA in connection with the above-stated allegations.

## II.    ORDERLY PROCEDURES FOR CAPTIONING AND FILING DOCUMENTS

The Proposed Order establishes procedures for the captioning, filing and docketing of papers in these ERISA Actions, and in any cases that may hereafter be filed in or transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 21.12. In addition, this type of order has been used in numerous other cases in which the ERISA cases have been consolidated.[1]

## III.    THE PROPOSED LEADERSHIP STRUCTURE

### A.    Proposed Interim Lead Plaintiff

Plaintiff Coulter was a participant in the Plans throughout the Class Period. Significant portions of his retirement savings in the Plans are invested in Morgan Stanley stock as a result of

---

[1]      *See*, *e.g.*, *In re Royal Dutch/Shell Transport ERISA Litig.*, No. 04-CV-1398-JWB-SDW (D.N.J. June 30, 2004), order attached as Exhibit A to the Joint Declaration of Lori G. Feldman and Robert I. Harwood in Support of Plaintiff's Motion For: (1) Consolidation; (2) Appointment of Lead Plaintiffs and Leadership Structure; and (3) Entry of [Proposed] Pretrial Order No. 1 (the "Joint Decl.").

the way the Plans were administered by its fiduciaries. These investments have been adversely impacted by the failure of Defendants to exercise their fiduciary duties and protect the Plans. The Plans have tens of thousands of participants who suffered tremendous losses as a result of the recent Morgan Stanley stock price collapse. On an interim basis pending class certification, Plaintiff Coulter seeks to represent the interests of all of the participants of the Plans who suffered similar losses as is required in an action on behalf of the Plans under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

**B.      Proposed Counsel Structure**

The Proposed Order implements the procedures suggested by the *Manual* by designating Interim Co-Lead Counsel for plaintiffs. *See Manual* §§ 10.22, 40.22. As stated in the *Manual*, in determining lead counsel, the court should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Id*. at § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to the parties." *Id*. at § 10.221. When appointing interim lead counsel, it is "generally accepted that the considerations set out in Rule 23(g)(1)(A), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citation omitted).

Fed. R. Civ. P. 23(g)(1)(A) specifies that in appointing class counsel, the court must consider:

- the work counsel has done in identifying or investigating potential claims in the action;
- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

- counsel's knowledge of the applicable law; and

- the resources counsel will commit to representing the class.

Plaintiff proposes the following counsel structure, which, as described herein, satisfies

the requirements of Fed. R. Civ. P. 23(g)(1)(A):

Co-Lead Counsel
Milberg Weiss LLP
One Pennsylvania Plaza
New York, New York  10119
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

Harwood Feffer LLP
488 Madison Avenue
New York, New York  10022
Telephone:  (212) 935-7400
Facsimile:  (212) 753-3630

Plaintiff proposes that the proposed Co-Lead Counsel be appointed pursuant to Fed. R.

Civ. P. 23(g)(3), which provides for the designation of interim class counsel to act on behalf of a

putative class before the determination of whether to certify the action as a class action.

## IV.    THE CO-LEADERSHIP COUNSEL STRUCTURE PROPOSED BY PLAINTIFF COULTER SATISFIES THE REQUIREMENTS OF RULE 23(G)(1)(C)(1) AND IS IN THE BEST INTERESTS IF THE PLANS' PARTICIPANTS AND BENEFICIARIES.

### A.    Counsel for the Plaintiff have Demonstrated a Commitment to Identifying and Investigating Potential Claims in This Action

Plaintiff Coulter's proposed Co-Leadership Counsel have taken substantial steps in

identifying and investigating the claims set forth in this action.  The firms' attorneys and staff

(including full time private investigators, forensic accountants and financial analysts) are

extensively investigating Morgan Stanley's alleged wrongdoing, reviewed court actions and

pleadings, as well as media and other reports, which resulted in the filing of the complaint.  In

addition, as is standard practice in ERISA cases, the firms will be requesting plan documents

from Morgan Stanley pursuant to ERISA § 104(b), 29 U.S.C. § 1024(b).  Milberg Weiss and

Harwood Feffer have been working co-operatively to assure that they do not duplicate each

other's work and are committed to making the substantial investment of time and resources

necessary to properly pursue and lead the Morgan Stanley ERISA action.

> **B.    Counsel For Plaintiff Have Experience In Class Actions, Other Complex Litigation, and the Types of Claims Asserted In This Case, And Have Knowledge Of The Law Applicable In This Case**

Milberg Weiss and Harwood Feffer, both highly regarded firms with significant

experience in complex class actions, will adequately represent Plaintiff and the proposed Class in

this action.  Both firms have well-known records of successfully pursuing financial, accounting

and securities fraud matters, which are highly relevant to this litigation.[2]  Further, both firms

have substantial experience in litigating ERISA 401(k) actions, and have successfully litigated

numerous other class action claims based on breaches of fiduciary duty.[3]

Milberg Weiss and Harwood Feffer have each taken a leading role among law firms in

pursuing employee lawsuits and ERISA violations on behalf of participants and beneficiaries in

employer-sponsored benefit plans.  The two firms have served or currently serve as lead or co-

lead counsel in many ERISA class actions and have recovered substantial sums in these matters

in addition to bringing about significant structural changes to employee benefit plans.

Notably, as discussed above, Milberg Weiss and Harwood Feffer served as co-lead

counsel for the plaintiffs in *In re Royal Dutch/Shell Transport ERISA Litig.*, an ERISA breach of

fiduciary duty class action against the Royal Dutch/Shell Oil Group of Companies on behalf of

---

[2]    *See* Joint Decl., Exhibits B and C (resumes of Milberg Weiss and Harwood Feffer, respectively).

[3]    Plaintiff Coulter has been advised that Milberg Weiss, a named partner, and two former named partners (who are no longer with the firm) were indicted, the nature of the charges, and the current status of the proceedings.

certain of the company's U.S. employees invested in the company's stock fund. The $90 million settlement (representing approximately 78% of the class' claimed loss) is one of the largest amounts obtained in an ERISA breach of fiduciary duty case. Significantly, the settlement included important provisions that required the corporate defendants to implement structural changes, including procedures regarding the monitoring and training of individuals appointed to be ERISA fiduciaries. Moreover, at the settlement fairness hearing in August 2005, Judge Bissell of the District of New Jersey remarked on the skill and efficiency of class counsel in the prosecution of the case, commenting that:

> the attorneys in the firms involved in this matter…are highly experienced and highly skilled in matters of this kind. Moreover, in this case it showed. Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery …. So both skill and efficiency were brought to the table here by counsel, no doubt about that.

Transcript of Proceeding before Honorable John W. Bissell, *In re Royal Dutch/Shell Transport ERISA Litig.*, No. 04-CV-1398 JWB-SDW (D.N.J. Aug. 22, 2005) *see* Joint Decl., Exhibit D.

Additionally, both Milberg Weiss and Harwood Feffer have their main offices in this District, and all the respective firms' attorneys prosecuting this action are located in this District, giving them ready access to the Court. Such a structure will serve the best interests of the Class, insofar as it will increase efficiency and reduce expenses.

### 1.    Milberg Weiss LLP

Milberg Weiss has taken a leading role in pursuing numerous employee lawsuits and ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans.

By way of example, Milberg Weiss has obtained a very significant result in the *In re Citigroup Pension Plan ERISA Litigation*, Master File 05 Civ. 5296 (S.D.N.Y. filed June 3, 2005) (Scheindlin, J.), pending in this District before Judge Scheindlin, where Milberg Weiss

serves as Co-lead counsel for the certified class.  In *Citigroup Pension Plan Litig.*, the plaintiffs

allege that certain amendments to the pension plan at issue that created and revised the plan's

cash balance formula, both violated age-based accrual rules for defined benefits plans as set forth

in ERISA and violate the plan's provision that the rights of all employees to benefits accrual

through the date of a partial termination shall be non-forfeitable.  In December 2006, Judge

Scheindlin granted summary judgment for the plaintiffs finding that Citigroup's pension plan

violated ERISA.  Specifically, the Court found that Citigroup's pension plan violated ERISA's

benefit accrual rules set forth in § 204(b)(1); that Citigroup did not provide adequate notice to

participants pursuant to ERISA § 204(h), which is a precondition to effective plan amendments;

and that the Citigroup pension plan unlawfully discriminated on the basis of age and therefore

violated ERISA's anti-discrimination provision, § 204(b)(1)(h)(i).  Consequently, Judge

Scheindlin ordered the defendants to reform the pension plan to comply with ERISA.[4]

Milberg Weiss also represents participants in defined contribution  retirement plans in

ERISA litigation involving, among others, Boston Scientific Corp. (D. Mass.), where, together

with Harwood Feffer, it is Co-Lead Counsel for the class; First American, Corp. (C.D. Cal.),

where again Milberg Weiss and Harwood Feffer jointly represent Plaintiff Hillert pending their

motion for appointment as Co-Lead Counsel; General Electric (N.D.N.Y.); Macy's, Inc. (S.D.

Ohio); Fremont General, Corp. (C.D. Cal.); Citigroup, Inc. (S.D.N.Y.) (Stein, J.); Citigroup

Pension (pending in this District) (Scheindlin, J.); Merrill Lynch & Co., Inc. (pending in this

District) (Sand, J.); and Dell, Inc. (W.D. Tex.).

Furthermore, Milberg Weiss also has substantial experience litigating cases involving the

mortgage industry.  For example, Milberg Weiss was appointed co-lead counsel in *Kratz v.*

---

[4]        A copy of Judge Scheindlin's decision is appended to the Joint Decl. as Exhibit E.

*Beazer Homes USA Inc.*, No. 07-CV-00725 (N.D. Ga. filed Mar. 29, 2007) this past August. The

firm is also currently involved in litigation against Countrywide, *New Jersey Carpenters'*

*Pension Fund v. Mozilo*, No. BC 378319 (Cal. Super. Ct. Los Angeles County 2007), Fremont

General, *In Re Fremont General Corp.* and New Century Mortgage Corp., *Kaufman v. New*

*Century Financial Corp.*, No. 07-CV-00590, (C.D. Cal. filed May 23, 2007).  The familiarity

with and knowledge of the mortgage industry that Milberg Weiss has obtained through

investigating and litigating these cases will serve as a valuable asset to the efficient and vigorous

litigation of this action.

In the past two years alone, Milberg Weiss successfully settled and received preliminary

and/or final approval for settlement in many complicated class actions.  For example, on

December 26, 2006, Milberg Weiss settled a case against Nortel Networks Corp. for cash and

stock valued at $1.32 billion.  *In re Nortel Networks Corp. Sec. Litig.*, No. 01-CV-1855

(S.D.N.Y. filed March 2, 2001) (Berman, J.).  On June 16, 2006, Milberg Weiss achieved a

settlement and final approval of settlement with KPMG for $225 million.  *Simon v. KPMG LLP*,

No. 05-CV-03189 (D.N.J. filed June 24, 2005).  On January 10, 2007, Milberg Weiss received

final court approval of a settlement with Sears for $215 million.  *In re Sears, Roebuck and Co.*

*Sec. Litig.*, No. 02-CV-7527 (N.D. Ill. filed Oct. 18, 2002).  In September 2007, Milberg Weiss

settled the CMS Energy securities litigation for $200 million.  *Green v. CMS Energy Corp.*, No.

02-CV-72004 (E.D. Mich. filed May 17, 2002).  Just last month, Milberg Weiss announced a

settlement with Biovail Corporation for $138 million (preliminary approval pending before

Judge Owen).  *In re Biovail Corp. Sec. Litig.*, No. 03-CV-8917 (S.D.N.Y. filed Nov. 12, 2003)

(Owen, J.).

Significantly, on December 19, 2007, Judge Paul Barbadoro of the District of New Hampshire granted final approval of a $3.2 billion settlement of investor claims involving Tyco International, Ltd.  Milberg Weiss is Co-lead counsel for plaintiffs in the *Tyco* litigation and worked to achieve the largest cash payment ever made by a corporate defendant in the history of U.S. securities litigation, and the second-largest auditor settlement in securities class action history.  *In re Tyco Sec. Litig.*, No. 02-md-01335 (D.N.H. filed Aug. 23, 2002).

Moreover, Milberg Weiss has achieved tremendous results litigating cases in this District. The number and names of cases that Milberg Weiss has successfully litigated in this District are too long to list here, but some recent examples of successful cases are:  *In re Initial Public Offering Securities Litigation*, No. 01-mc-92 (S.D.N.Y. filed Aug. 9, 2001) (Scheindlin, J.); *In re Nortel Networks Corp. Sec. Litig.*, No. 01-CV-1855 (filed March 2, 2001) (Berman, J.); *In re Martha Stewart Living Omnimedia Inc., Sec. Litig.*, No. 02-CV-6273 (S.D.N.Y. filed Aug. 6, 2002) (Sprizzo, J.); *In re Edison Schools, Inc., Sec. Litig.*, No. 02-CV-3692 (S.D.N.Y. filed May 15, 2002) (Sprizzo, J.); *In re Vodafone Group PLC Sec. Litig.*, No. 02-CV-7592 (S.D.N.Y. filed Sept. 18, 2002) (Hellerstein, J.); *In re Aetna Inc. Sec. Litig.*, No. 01-CV-9796 (S.D.N.Y. filed Nov. 6, 2001) (Katz, J.); *In re ImClone Systems, Inc., Deriv. Litig.*, No. 02 Civ. 0163 (S.D.N.Y. filed Jan. 9, 2002) (Owen, J.); and *In re Deutsche Telekom AG Sec. Litig.,* No. 00-CV-9475 (S.D.N.Y. filed Dec. 13, 2000) (Buchwald, J.).

The Milberg Weiss attorneys involved in this action are led by Lori G. Feldman, a partner at Milberg Weiss, who handles many ERISA class actions along with numerous complex securities and consumer fraud class actions.  Ms. Feldman graduated from Albany Law School in 1990, where she served as an Executive Editor of the *Albany Law Review*.  She has interned at the Civil Division of the United States Attorney's Office in Brooklyn, New York.  Ms. Feldman

is admitted to the Bars of the States of Washington and New York and federal district and appellate courts throughout the country.  From 2000 through mid-2005, she served as Managing Partner of Milberg Weiss's Seattle Office.  In 2002-03 and 2004-05, Ms. Feldman was named a "Rising Star of Washington Law" by her fellow practitioners in Seattle.  Rising Stars are considered to be Washington's top lawyers under the age of 40.  In addition to lecturing on class action practice, Ms. Feldman has served as Co-Chair of the Continuing Legal Education Committee of the Federal Bar Association for the Western District of Washington.  Ms. Feldman has been invited to speak on subprime mortgage issues at upcoming continuing legal education seminars that will take place this coming March and May.

Ms. Feldman's representative recoveries exceed hundreds of millions of dollars.  Besides representing the plaintiff in the instant litigation, Ms. Feldman currently represents participants of defined contribution retirement plans in ERISA litigation involving, among others, *In re General Electric Corp. ERISA Litigation*, No. 06-CV-315 (N.D.N.Y. filed Mar. 16, 2006), *In re Fremont General Corp. Litigation*, No. 07-CV-02693 (C.D. Cal. filed Apr. 24, 2007), *In re Dell Inc. ERISA Litigation*, No. 06-CV-00758 (W.D. Tex. filed Sept. 25, 2006), *Shanehchian v. Macy's Inc.*, No. 07-CV-00828 (S.D. Ohio filed Oct. 3, 2007), *Hillert v. First American Corp.*, No. No. CV07-7602 JVS (C.D. Cal filed Nov. 20, 2007), *Stevens v. Citigroup, Inc.*, No. 07-CV-11156 (S.D.N.Y. filed Dec. 11, 2007) (Stein, J.), *Eastman v. Merrill Lynch & Co., Inc.*, No. 08-CV-00058 (S.D.N.Y. filed Jan. 4, 2008) (Sand, J.), and *In Re Boston Scientific Corp.*, No. 06-CV-10105 (D. Mass. filed Jan. 19, 2006).  Ms. Feldman also maintains an extensive securities fraud class action practice.

### 2.    Harwood Feffer LLP

Like Milberg Weiss, Harwood Feffer has also been designated as lead, co-lead or special counsel in numerous complex federal securities matters, shareholder derivative actions, and

various transactional and consumer matters.  Courts have often recognized Harwood Feffer's

skill in class actions.  For example, in *In re Electro-Catheter Securities Litigation*, Judge

Nicholas Politan of the District of New Jersey stated:

> [C]ounsel in this case are highly competent, very skilled in this very specialized
> area and were at all times during the course of the litigation that I participated in,
> which was perhaps the major part of the Court litigation here, always well
> prepared, well spoken, and knew their stuff and they are a credit to their
> profession.  They are the top of the line.

*In re Electro-Catheter Corp. Sec. Litig.*, No. 87-41 (D.N.J. Sept. 7, 1989).

Harwood Feffer has served or currently serves as lead or co-lead counsel in dozens of

ERISA class actions, including:  *In re Royal Ahold N.V. Securities & ERISA Litigation*, No. 03-

md-01539-CCB (D. Md. filed June 19, 2003); *Peterson v. AT&T Corp*., No. 99-CV-4982-JLL-

RJH (D.N.J. filed Oct. 22, 1999); *In re Royal Dutch/Shell Transport ERISA Litigation*, No. 04-

CV-1398-JWB-SDW (D.N.J. filed Mar. 25, 2004); *In re UnumProvident Corp. Securities

Litigation*, MDL No. 03-md-1552 (E.D. Tenn. filed Sept. 3, 2003); *Bright v. Conagra Foods,

Inc.*, No. 05-CV-00348 LES-TDT (D. Neb. filed July 18, 2005); *In re AIG ERISA Litig.*, No. 04-

CV-9387 (S.D.N.Y. filed Nov. 30, 2004) (Sprizzo, J.); *Graden v. Conexant Systems, Inc.* No. 05-

CV-695-SRC-MAS (D.N.J. filed Feb. 1, 2005); *Stansbery. v AXA Financial Inc.*, No. 03-CV-

8282 (S.D.N.Y. filed Oct. 20, 2003) (Castel, J.); *McKoy v. Bank of America Corp.*, No. 03-CV-

8025 (S.D.N.Y. filed Oct. 9, 2003) (Daniels, J.); *Zarate v. Bank One Corp.*, No. 03-CV-7315

(N.D. Ill. filed Oct. 15, 2003); *Brown v. Janus Capital Group, Inc.,* No. 03-CV-2061 (D. Colo.

filed Oct. 16, 2003); *Brieger v. Tellabs Inc.*, No. 06-CV-1882 (N.D. Ill. filed Apr. 5, 2006);

*Salvato v. Zale Corp.*, No. 06-CV-1124-D (N.D. Tex. filed June 26, 2006); *Corbett v. Marsh &

McLennan Co.,* No. 03-CV-8893 (S.D.N.Y. filed Nov. 10, 2003) (Kaplan, J.); *Flynn v. Strong

Capital Mgmt., Inc.*, No. 03-CV-1067-CNC (E.D. Wis. filed Oct. 31, 2003); *Walker v. Mass.*

*Fin. Serv.*, No. 03-CV-12629 (D. Mass. filed Dec. 30, 2003); and *Calderon v. Amvescap, PLC*, No. 03-CV 2604 (D. Colo. filed Dec. 24, 2003).

Robert I. Harwood, senior partner of Harwood Feffer, graduated from William and Mary Law School in 1971, and has specialized in class action litigation since beginning his career in 1972 at the Enforcement Division of the New York Stock Exchange. He has prosecuted numerous securities, class, derivative, and ERISA actions. He is a member of the Trial Lawyers' Section of the New York State Bar Association and has served as a guest lecturer at trial advocacy programs sponsored by the Practicing Law Institute.

Mr. Harwood recently served as lead counsel in *Morse v. McWhorter*, No. 97-CV-00370 (M.D. Tenn. filed Apr. 8, 1997), in which a settlement fund of $49.5 million was created for the benefit of the Class, as well as *In re Bank One Shareholders Class Actions*, No. 00-CV-00880 (N.D. Ill. filed Feb. 11, 2000), which resulted in the creation of a $45 million settlement fund. Mr. Harwood also served as co-lead counsel in *In re Safety-Kleen Corp. Stockholders Litig.,* No. 00-CV-00736-JFA (D.S.C. filed Mar. 7, 2000), which resulted in a settlement fund of $44.5 million; *In re Laidlaw Stockholders Litig.,* No. 00-CV-00855-JFA (D.S.C. filed March 17, 2000), which resulted in a settlement fund of $24 million; *Rothstein v. JWP Inc.*, No. 92-CV-05815 (S.D.N.Y. filed Aug. 4, 1992) (Conner, J.), which resulted in a $37 million settlement fund; *In re Oxford Health Plans, Inc. Securities Litigation,* No. 21-mc-0076 (S.D.N.Y. filed May 5, 1998) (Brieant, J.), which resulted in a settlement benefit of $13.7 million and corporate therapeutics; and *In re UnumProvident Corp. Sec. Litig.*, No. 99-CV-00301-SJM (D. Me. filed Sept. 30, 1999), which resulted in the creation of a settlement fund of $45 million.

**C.    Milberg Weiss and Harwood Feffer Have The
Necessary Resources To Represent the Class**

Both Milberg Weiss and Harwood Feffer are highly successful and established law firms

and  have the financial resources and personnel necessary to vigorously pursue this action.

Moreover, Plaintiff Coulter's proposed co-leadership structure possesses experience handling

large-scale, complex class-action litigation, and is thus able to budget the appropriate resources

to prosecute this action without duplicating or wasting resources.

## CONCLUSION

For the foregoing reasons, Plaintiff Coulter respectfully requests that the Court enter

Proposed Order: (1) consolidating the ERISA Actions; (2) appointing him as Interim Lead

Plaintiff; and (3) appointing Harwood Feffer and Milberg Weiss as Interim Co-Lead Counsel to

act on behalf of ERISA class plaintiffs.

DATED: January 9, 2008                    Respectfully Submitted,

                                          **MILBERG WEISS LLP**


                                          By:      /s/ Lori G. Feldman
                                                   Lori G. Feldman

                                          Lori G. Feldman (LF 3478)
                                          lfeldman@milbergweiss.com
                                          Arvind Khurana (AK 3643)
                                          akhurana@milbergweiss.com
                                          One Pennsylvania Plaza
                                          New York, NY 10119
                                          Tel: (212) 594-5300
                                          Fax: (212) 868-1229

                                          **HARWOOD FEFFER LLP**


                                          By:      /s/ Robert I. Harwood
                                                   Robert I. Harwood

                                          Robert I. Harwood (RH 3287)
                                          rharwood@hfesq.com
                                          Samuel Rosen (SR 3287)
                                          srosen@hfesq.com
                                          488 Madison Avenue
                                          New York, New York 10022
                                          Telephone: (212) 935-7400
                                          Facsimile: (212) 753-3630

                                          *Counsel for Plaintiff C. Kenneth Coulter and*
                                          *Proposed Co-Lead Counsel for the Class*