# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| C. KENNETH COULTER, On Behalf of Himself and All Others Similarly Situated, | : : : | Civil Action No.: 07 Civ. 11624 (RWS) |
| Plaintiff, | : : | |
| v. | : : | |
| MORGAN STANLEY, MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, THE INVESTMENT COMMITTEE, THE PLAN ADMINISTRATOR, THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, JOHN J. MACK, ROY J. BOSTOCK, ERSKINE B. BOWLES, SIR HOWARD J. DAVIES, KAREN JAMESLEY, C. ROBERT KIDDER, DONALD T. NICOLAISEN, CHARLES H. NOSKI, HUTHAM S. OLAYAN, CHARLES E. PHILLIPS, JR., O. GRIFFITH SEXTON, DR. LAURA D. TYSON, DR. KLAUS ZUMWINKEL, and JOHN DOES 1-30, | : : : : : : : : : : : : : : : | (Caption Continued) |
| Defendants. | : : : | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF C. KENNETH COULTER'S MOTION FOR CONSOLIDATION, APPOINTMENT AS INTERIM LEAD PLAINTIFF AND INTERIM <u>CO-LEAD COUNSEL</u>**

| | | |
|---|---|---|
| CAROLYN EGAN, On Behalf of Herself and All Others Similarly Situated, | : | Civil Action No.: 07 Civ. 11285 (RWS) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, MORGAN STANLEY, THE INVESTMENT COMMITTEE OF THE MORGAN STANLEY 401(k) PLAN (f/k/a THE MORGAN STANLEY DPSP/START PLAN), THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, WALID A. CHAMMAH, CHARLES CHASIN, ZOE CRUZ, RICHARD PORTOGALLO, JAMES P. GORMAN, NEAL A. SHEAR, CORDELL G. SPENCER, and JOHN DOE DEFENDANTS 1-30, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JOHN SIEFKEN, On Behalf of Himself and All Others Similarly Situated, | : | Civil Action No.: 07 Civ. 11456 (JGK) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MORGAN STANLEY, MORGAN STANLEY & CO. INC., MORGAN STANLEY PLANS "INVESTMENT COMMITTEE," MORGAN STANLEY PLANS "ADMINISTRATIVE COMMITTEE," JOHN J. MACK, C. ROBERT KIDDER, ERSKINE B. BOWLES, DONALD T. NICOLAISEN, and JOHN DOES 1-10, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| GREGORY MAJOR, On Behalf of Himself and All Others Similarly Situated, | : | Civil Action No.: 08 Civ. 00496 (UA) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MORGAN STANLEY, MORGAN STANLEY & CO. INC., MORGAN STANLEY PLANS "INVESTMENT COMMITTEE," MORGAN STANLEY PLANS "ADMINISTRATIVE COMMITTEE," JOHN J. MACK, C. ROBERT KIDDER, ERSKINE B. BOWLES, DONALD T. NICOLAISEN, and JOHN DOES 1-10, | : | |
| | : | |
| Defendants. | : | |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................................1

II.  ARGUMENT ..............................................................................................................2

   A.   Appointment of an Interim Lead Plaintiff Is Appropriate ......................................2

   B.   Milberg and Harwood Should Be Appointed as Co-Lead Counsel ........................4

      1.   Milberg and Harwood Have Undertaken Substantial Work in
            Investigating and Pursuing the Claims Asserted in This Action .................4

      2.   Milberg and Harwood Have the Necessary Experience in Class
            Actions and Other Complex Litigation, the Claims Asserted in This
            Case, and Have Knowledge of the Law Applicable in This Case ..............6

            a.   MILBERG .........................................................................................6

            b.   HARWOOD .......................................................................................8

      3.   Milberg and Harwood Have the Resources Necessary to Represent the
            Class ..............................................................................................................9

III. CONCLUSION .........................................................................................................10

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*In re AIG ERISA Litig.,*
    No. 04-cv-9387-JES (S.D.N.Y. Aug. 3, 2005) .........................................................................4

*In re Boston Scientific Corporation ERISA Litig.,*
    506 F. Supp. 2d 73 (D. Mass. 2007) ...................................................................................2, 7

*In re Boston Scientific Corporation ERISA Litig.,*
    No. 1:06-cv-10105 (D. Mass. filed Jan. 19, 2006) .............................................................4, 5

*In re Citigroup Pension Plan ERISA Litig.,*
    No. 05 Civ. 5296 (SAS/HP) (S.D.N.Y. filed June 3, 2005) ...................................................7

*In re Dell, Inc. ERISA Litig.,*
    No. 06-cv-758-SS (W.D. Tex. filed Sept. 25, 2006) ..............................................................7

*In re Fremont General Corp. Litig.,*
    No. 2:07-cv-2693 (C.D. Cal. filed Apr. 24, 2007)..................................................................7

*In re General Electric Co. ERISA Litig.,*
    No. 06-cv-0315 (N.D.N.Y. filed Mar. 13, 2006) ....................................................................7

*Graden v. Conexant Systems Inc. et al.,*
    No. 3:05-cv-695-SRC-MAS (D.N.J. filed Feb. 1, 2005)........................................................2

*Gray v. Citigroup, Inc.,*
    07-cv-9790-SHS (S.D.N.Y. filed Nov. 5, 2007)..............................................................3, 4, 7

*Hillert v. First American Corp.,*
    No. 07-cv-7602 (C.D. Cal. filed Nov. 20, 2007) ....................................................................7

*In re Nortel Networks Corp. Sec. Litig.,*
    No. 01-cv-1855 (S.D.N.Y. filed March 2, 2001) ....................................................................8

*Rose v. Citigroup Inc.,*
    No. 07 Civ. 10294 (S.D.N.Y. filed Dec. 13, 2007.)................................................................3

*In re Royal Dutch/Shell Transport ERISA Litig.,*
    04-cv-1398-JWB-SDW (D.N.J. filed Mar. 25, 2004)........................................................2, 5

*In re Sears, Roebuck & Co. Sec. Litig.,*
    No. 02-cv-7527 (N.D. Ill. filed Oct. 18, 2002) .......................................................................8

*Shanehchian v. Macy's Inc.*,
   No. 07-cv-0828 (S.D. Ohio filed Oct. 3, 2007) .......................................................................7

*Simon v. KPMG LLP*,
   No. 05-cv-03189 (D.N.J. filed June 24, 2005)........................................................................8

*In re Tyco Sec. Litig.*,
   No. 02-md-01335 (D.N.H. filed Aug. 23, 2002) ....................................................................8

## FEDERAL STATUTES

Fed. R. Civ. P. 23 ..............................................................................................................1

Fed. R. Civ. P. 23(g) .........................................................................................................6

Fed. R. Civ. P. 23(g)(1)(A) ...............................................................................................9

Proposed Lead Plaintiff C. Kenneth Coulter ("Coulter") respectfully submits this reply memorandum of law in further support of Coulter's Motion for Appointment of Interim Lead Plaintiff and Leadership Structure and Entry of [Proposed] Pretrial Order No. 1.

## I.    <u>INTRODUCTION</u>

Plaintiff Coulter again submits that his counsel, Milberg Weiss LLP ("Milberg") and Harwood Feffer LLP ("Harwood"), are best able to represent the interests of the putative class in this action against Morgan Stanley and Morgan Stanley & Co., Inc. (collectively, "Morgan Stanley") and other fiduciaries of the Morgan Stanley 401(k) Savings Plan and the Morgan Stanley Employee Stock Ownership Plan ("ESOP") (collectively, the "Plans").

Consolidation of the above-captioned ERISA actions is not opposed. Plaintiff Coulter's appointment as interim lead plaintiff, as well as the appointment of his proposed interim co-lead counsel are, however, contested by Plaintiffs Carolyn Egan and John Siefken (the "Egan Plaintiffs"), who have only recently moved to have their counsel, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf"), appointed as interim class counsel in the proposed consolidated action.[1]

Notably, the Egan Plaintiffs do not contend that Plaintiff Coulter is unsuited to serve as the interim lead plaintiff in this litigation. Instead, they oppose appointment of a "lead plaintiff" in this action. Egan Opp'n at 3. As discussed herein, designating an interim lead plaintiff at this stage of the litigation, however, has become routine practice in this type of complex action where it is beneficial to have at least one interim lead plaintiff act in a representative capacity given that these are proposed class actions under Fed. R. Civ. P. 23, as discussed herein.

---

[1]    Plaintiff Coulter filed his motion for consolidation and appointment of interim lead plaintiff and co-lead counsel on January 9, 2008 (the "Coulter Motion"). The Egan Plaintiffs filed their opposition to the Coulter Motion on January 25, 2008 (the "Egan Opp'n").

Plaintiff Coulter also respectfully submits that his counsel, Milberg and Harwood, are best qualified to act as interim lead counsel to represent the putative Class. Both Milberg and Harwood are seasoned litigation firms, with substantial experience litigating some of the most complex and precedent-setting class actions, including employee lawsuits and ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans, in this and other districts throughout the nation, as set forth in Plaintiff Coulter's moving papers and the firms' respective résumés.[2] Further, both firms have successfully recovered substantial sums of money benefiting the plaintiff classes they represented[3] and helped to advance federal jurisprudence involving breach of fiduciary duty claims under ERISA, among other areas of law such as securities fraud.[4]

## II.   ARGUMENT

### A.   Appointment of an Interim Lead Plaintiff Is Appropriate

Schiffrin and Wolf oppose the Coulter Motion on the basis that "[t]here is no requirement in the ERISA statute for the appointment of a lead plaintiff in an ERISA case, and Milberg/Harwood have not even attempted to demonstrate that such a designation would be

---

[2]   *See* Exs. B and C (résumés of Milberg and Harwood, respectively) to the Joint Declaration of Lori G. Feldman and Robert I. Harwood filed on January 9, 2008 in *Coulter v. Morgan Stanley*, No. 07-cv-11624 (S.D.N.Y.), Docket No. 4.

[3]   Plaintiff Coulter's counsels' collective class action settlement experience includes the more than $90 million settlement (representing approximately 78% of the class's claimed loss) in *In re Royal Dutch/Shell Transport ERISA Litig.*, 04-cv-1398-JWB-SDW (D.N.J. filed Mar. 25, 2004). This settlement is one of the largest recovered amounts obtained in an ERISA breach of fiduciary duty action. Milberg and Harwood served as lead counsel in this action.

[4]   For instance, in *Graden v. Conexant Systems Inc.*, No. 3:05-cv-695-SRC-MAS (D.N.J. filed Feb. 1, 2005), where Harwood served as sole lead counsel, Harwood's briefing and oral argument resulted in Third Circuit precedent that former employees who had cashed out of a plan had standing to sue on behalf of the plan. Similarly, in *In re Boston Scientific Corporation ERISA Litigation*, where Milberg and Harwood currently serve as co-lead counsel, the District of Massachusetts issued an opinion holding that plaintiffs have standing to pursue ERISA claims even after cashing our of there 401(k) Plan. 506 F. Supp. 2d 73, 75 (D. Mass. 2007).

2

advantageous or necessary." Egan Opp'n at 4.[5]  Numerous courts have granted interim lead

plaintiff appointments similar to Plaintiff Coulter's requested appointment in dozens, if not

hundreds, of class actions prior to the class certification stage (as discussed below).  In fact, very

recently, one of the counsel for the Egan Plaintiffs, Schiffrin, argued in favor of its clients'

appointment as interim lead plaintiff in *Gray v. Citigroup, Inc.*, No. 07-cv-9790-SHS (S.D.N.Y.

filed Nov. 5, 2007), a proposed class action under ERISA, against Citigroup Inc., one of the

largest global investment institutions, pending before Judge Sidney H. Stein in this District (the

"Citigroup ERISA Litigation").  Schiffrin was not selected as lead counsel in that action.  By

order dated January 22, 2008, Judge Stein selected Harwood as co-lead counsel and appointed

Stephen Gray, Samier Tadros and James Bolla interim lead plaintiffs.[6]  While counsel for the

Egan Plaintiffs argue that the Coulter Motion has not briefed the issue of why appointment of a

lead plaintiff in this action is advantageous, Egan Plaintiffs' counsel offer no rationale for

opposing the appointment of a lead plaintiff, other than noting the fact that it is not statutorily-

mandated.  Notably, the two cases which Schiffrin and Wolf point to in arguing against the

appointment of a lead plaintiff are derivative, not ERISA cases.  Egan Opp'n at 4.

Nonetheless, we respectfully submit that the Court would find it useful to appoint at least

one lead plaintiff on an interim basis to play an active role in the litigation during the pre-class

certification stage.  *See, e.g.*, *In re Royal Dutch/Shell Petroleum ERISA Litig.*, No. 04-cv-1398

(D.N.J. June 30, 2004) (Order appointing lead plaintiffs prior to class certification) (*see*

Supplemental Declaration of Lori G. Feldman ("Feldman Supp. Decl."), Ex. A); *see also In re*

---

[5]    Notably, the Egan Plaintiffs suggest that "[t]o the extent the Court believes that appointment of a 'lead plaintiff' would for some reason be appropriate in this case, plaintiffs Egan and Siefken are well-suited to act in that capacity" and contend that their counsel, Schiffrin and Wolf, should be appointed as co-lead counsel. *Id.* at 4.

[6]    *See* Ex. C to the Feldman Supp. Decl.

*AIG ERISA Litig.*, No. 04-cv-9387-JES (S.D.N.Y. Aug. 3, 2005) (Order) Feldman Supp. Decl., Ex. B; *Gray v. Citigroup Inc.,* No. 07-cv-9790 (S.D.N.Y. Jan. 22, 2008) (Order) Feldman Supp. Decl. Ex. C; *In re Boston Scientific Corp. ERISA Litig.*, No. 06-cv-10105-JLT (D. Mass. April 3, 2006) (Order) Feldman Supp. Decl. Ex. E.  In this regard, Plaintiff Coulter seeks a lead plaintiff appointment in this case on an interim basis pending class certification.

Plaintiff Coulter is a former employee of Morgan Stanley who participates in the Plans. He invested in Morgan Stanley stock through his participation therein.  Plaintiff Coulter understands that he will be representing the interests of all of the participants in the Plans who suffered similar losses and takes this responsibility very seriously.

### B.    Milberg and Harwood Should Be Appointed as Co-Lead Counsel

#### 1.    Milberg and Harwood Have Undertaken Substantial Work in Investigating and Pursuing the Claims Asserted in This Action

Milberg began investigating the potential claims in this action more than a month prior to the filing of the Egan Complaint on December 14, 2007.  Counsel for Plaintiff Coulter took the necessary time to investigate potential claims prior to the filing of a complaint on behalf of Mr. Coulter on December 28, 2007.[7]  Plaintiff Coulter's counsel continues to dedicate substantial time and resources to investigate the facts underlying this action, which includes review and analysis of certain non-public Morgan Stanley 401(k) Plan documents and the work of Plaintiff Coulter's counsel's team of in-house investigators who are in the process of interviewing former Morgan Stanley employees that may have knowledge of the facts underlying defendants' alleged

---

[7]    The issuance of a press release is not unusual.  Wolf issued its own press release on December 18, 2007 regarding the filing of its action.  Moreover, Schiffrin has also issued press releases announcing its investigation into potential class actions.  In this day and age, these Internet releases foster better communication with potential class action litigants who seek computerized information regarding their legal rights.

fiduciary breaches. The information obtained through their on-going investigation will be used in a consolidated amended pleading.

In addition, as is their standard practice in ERISA cases, Milberg and Harwood have requested full and complete internal 401(k) plan documents from Morgan Stanley pursuant to ERISA § 104(b), and made the appropriate requests for information under the Freedom of Information Act to the U.S. Department of Labor and the Securities and Exchange Commission. Like counsel for the Egan Plaintiffs, Plaintiff Coulter's counsel has been communicating with counsel for Morgan Stanley relating to scheduling and deadlines and Morgan Stanley's ERISA § 104(b) documents. Counsel for Morgan Stanley will be making those documents available to each firm who has requested such documents on the same day. As Milberg and Harwood have a close working relationship, having served together as co-lead counsel in such major actions as *In re Royal Dutch/Shell Transport ERISA Litig.* and *In re Boston Scientific Corp. ERISA Litig.*, No. 1:06-CV-10105-JLT (D. Mass. filed Jan. 19, 2006),[8] the two firms will continue to efficiently coordinate their efforts throughout the prosecution of this litigation and apply their combined litigation expertise to its successful resolution.

The Egan Plaintiffs' Opposition generally references the "considerable time and resources" that they have devoted to investigating the claims asserted in this action, but makes no reference to any specific effort that they have contributed to furthering the case over an above the efforts undertaken by Milberg and Harwood. Giving all due respect to the work done by counsel for the Egan Plaintiffs, they have not pointed to any work that they have done that is either superior to the work done by Plaintiff Coulter's counsel or that deviates from the limited efforts entailed at the commencement of an ERISA class action litigation.

---

[8]    Milberg is also working closely with Harwood in the *Citigroup ERISA Litigation* in which Harwood was recently appointed co-lead counsel, as discussed herein.

Instead, the Egan Plaintiffs rely on the fact that they "have filed the first complaints in the nation against Morgan Stanley and the fiduciaries of the Plans in connection with the losses suffered through exposure to the subprime market."  Egan Opp'n at 6.  As experienced class action firms, Schiffrin and Wolf should be well aware that "first to file" is not a factor under Rule 23(g) in determining who is best suited to lead the Class.  Otherwise, Schiffrin and Wolf have made no attempt to demonstrate that they devoted greater efforts to the case than Milberg and Harwood.

> **2.    Milberg and Harwood Have the Necessary Experience in Class Actions and Other Complex Litigation, the Claims Asserted in This Case, and Have Knowledge of the Law Applicable in This Case**

The combined litigation experience and the triumphs of Plaintiff Coulter's counsel in settling complex class actions are equal to, if not greater than the combined experience and successes of Schiffrin and Wolf.  Milberg and Harwood have successfully litigated major ERISA actions involving claims and allegations similar to the ones at issue in this litigation and have a long-standing relationship of successfully working together in numerous ERISA actions.

> **a.    MILBERG**

Milberg has demonstrated its suitability for the role of lead counsel in accordance with each of the four considerations statutorily required by the Federal Rules of Civil Procedure, including the experience in class actions, complex litigation and ERISA breach of fiduciary duty actions.  The work Milberg has done, and continues to pursue, in connection with its detailed investigation to date, clearly demonstrates that it has identified the potential claims in this action and its willingness to dedicate resources to this action.

Indeed, Milberg's current and former involvement in ERISA cases has provided the firm with valuable and complex ERISA litigation experience, including settlement of the *Royal Dutch*

*Shell ERISA* case (discussed *supra* Part B. 1.), complicated ERISA discovery, extensive motion practice, and work with national ERISA experts.

Notably, Milberg, serving as plaintiffs' co-lead counsel, has obtained a significant result in the *In re Citigroup Pension Plan ERISA Litig.*, No. 05 Civ. 5296 (SAS/HP) (S.D.N.Y. filed June 3, 2005), where Judge Scheindlin granted summary judgment for the plaintiffs. Judge Scheindlin found that Citigroup's pension plan violated ERISA and ordered defendants to reform the pension plan to comply with ERISA. Also, Milberg has been serving as *de facto* co-lead counsel in *In re General Electric Corporation ERISA Litig.*, No. 06-cv-0315 (N.D.N.Y. filed Mar. 13, 2006) for the last two years. The case will be mediated in late February.

Milberg has also garnered extensive and invaluable ERISA experience while serving as the court-appointed interim co-lead counsel in *In re Boston Scientific Corporation ERISA Litig.* Significantly, the efforts of Milberg and Harwood resulted in the first published opinion in the District of Massachusetts that holds that plaintiffs have standing to sue on behalf of a 401(k) plan even where they have cashed out of that plan. 506 F. Supp. 2d 73, 75 (D. Mass. 2007). Plaintiffs are now in the midst of extensive discovery.[9]

Milberg's unparalleled experience and success in securities fraud class actions is directly relevant to its ability to best represent the interests of the class in the instant case. For example, some of Milberg's most recent achievements in securities fraud cases include the *Nortel* and the

---

[9]    Milberg and Harwood are also currently working together in several other ERISA actions. For instance, both Milberg and Harwood are counsel in *Hillert v. First American Corporation*, No. 07-cv-7602 (C.D. Cal. filed Nov. 20, 2007) and have been functioning as *de facto* co-lead counsel in *Shanehchian v. Macy's Inc.*, No. 07-cv-0828 (S.D. Ohio filed Oct. 3, 2007). As noted above, Milberg is also working closely with Harwood in *Gray v. Citigroup, Inc.*, No. 07-cv-9790 (S.D.N.Y. filed Nov. 5, 2007). Similarly, Milberg represents clients that have been appointed interim lead plaintiff in *In re Dell, Inc. ERISA Litig.*, No. 06-cv-758-SS (W.D. Tex. filed Sept. 25, 2006) and *In re Fremont General Corp. Litig.*, No. 2:07-cv-2693 (C.D. Cal. filed Apr. 24, 2007) and is working with lead counsel in both of these cases.

*Tyco* cases. On December 26, 2006, Milberg settled *Nortel* for cash and stock valued at $1.32 billion. *In re Nortel Networks Corp. Sec. Litig.*, No. 01-cv-1855 (S.D.N.Y. filed March 2, 2001). On December 19, 2007, Judge Paul Barbadoro in the District of New Hampshire granted final approval of a $3.2 billion settlement of investor claims involving Tyco International, Ltd. Milberg is co-lead counsel for plaintiffs in the *Tyco* litigation and worked to achieve the largest cash payment ever made by a corporate defendant in the history of U.S. securities litigation and the second-largest auditor settlement in securities class action history. *In re Tyco Sec. Litig.*, No. 02-md-01335 (D.N.H. filed Aug. 23, 2002).[10]

### b.    HARWOOD

In addition to the many ERISA cases in which Harwood has served or is currently serving as lead or co-lead counsel, Harwood was most recently appointed co-lead counsel in the *Citigroup ERISA Litigation* which also involves breach of fiduciary duty claims.[11] In appointing Harwood to serve as interim co-lead counsel in the *Citigroup ERISA Litigation*, where Schiffrin (along with another law firm) moved jointly to serve as interim co-lead counsel, Judge Stein acknowledged the superiority of Harwood (and its co-lead counsel in that case, Wolf Popper LLP) over the other firms seeking co-lead counsel status in the *Citigroup ERISA Litigation*. At the lead plaintiff/lead counsel hearing in the *Citigroup ERISA Litigation* on January 17, 2008, Judge Stein, having compared the firms seeking the lead counsel appointment under the pertinent

---

[10]    In addition, among others, Milberg recently achieved a settlement and final approval of settlement with KPMG for $225 million on June 15, 2006. *Simon v. KPMG LLC*, No. 05-cv-03189 (D.N.J. filed June 24, 2005). On January 10, 2007, Milberg received final court approval of a settlement with Sears for $215 million. *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-cv-7527 (N.D. Ill. filed Oct. 18, 2002).

[11]    Significantly, the claims against Citigroup, Inc., as the claims in the instant action, also arise out of subprime mortgage operations.

Rule 23(g)(1)(A) factors, remarked on the experience of both Harwood and its co-counsel in that action, stating in pertinent part that:

> I believe that all – each of the applicants for the interim lead counsel position are qualified and experienced. ***But on the balance, applying each of the four factors in Rule 23(g)(1)(A) that I identified earlier, I think the group most able to represent the plaintiffs as interim lead counsel will be Wolf Popper and Harwood Feffer.*** I think you should be able to call upon the ERISA experience of Schatz Nobel Izard and Cohen Milstein, for that matter, in the course of your work, but I think you have the deeper experience overall.
>
> ***So I'm going to appoint those two firms as interim lead counsel. . . .*** (Emphasis added).[12]

Indeed, Harwood has a proven track record of successfully litigating large-scale actions under ERISA on behalf of participants and beneficiaries in employer-sponsored plans and recovering substantial sums in these matters in addition to bringing about significant structural changes to employee benefit plans.[13]

### 3.    Milberg and Harwood Have the Resources Necessary to Represent the Class

The Egan Plaintiffs submit that Schiffrin and Wolf "have the ability and willingness to expend the financial manpower resources necessary to prosecute this litigation on behalf of the Class." Egan Opp'n at 13. While it is true that Wolf and Schiffrin are well-respected firms, the combined financial and other resources of Milberg and Harwood, coupled with Milberg's and Harwood's longstanding working relationship, trumps the resources that can be offered to the class by Schiffrin and Wolf.

Milberg and Harwood function smoothly and efficiently when working as a team. In working together in numerous ERISA cases their respective teams of ERISA attorneys have

---

[12]       *See* Ex. D (Transcript of the Lead Plaintiff/Lead Counsel hearing in the *Citigroup ERISA Litigation*) to the Feldman Supp. Decl.

[13]       *See* Plaintiff Coulter's moving papers, previously filed with the Court on January 9, 2008 in *Coulter v. Morgan Stanley*, No. 07-CV-11624 (S.D.N.Y.).  Docket Nos. 2 and 3.

gotten to know one another's professional strengths and working styles and thus are able to minimize transaction costs and maximize resources. Notably, Schiffrin and Wolf make no mention of their previous working relationship nor do they cite any ERISA or other cases in which they are currently working together.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff Coulter respectfully requests that the Court (a) enter Plaintiff Coulter's [Proposed] Pre-Trial Order No. 1.: (1) consolidating the above-captioned cases; (1) appointing Plaintiff Coulter as Interim Lead Plaintiff and (2) appointing Milberg and Harwood as Co-Lead Counsel to act on behalf of ERISA class plaintiffs.

Dated: February 1, 2008

Respectfully submitted:

**MILBERG WEISS LLP**

*/s/ Lori G. Feldman*
Sanford P. Dumain (SD-8712)
Lori G. Feldman (LF-3478)
Arvind B. Khurana (AK-3643)
One Pennsylvania Plaza
New York, NY  10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229
E-mail: sdumain@milbergweiss.com
         lfeldman@milbergweiss.com
         akhurana@milbergweiss.com

**HARWOOD FEFFER LLP**
Robert I. Harwood (RH-3287)
Samuel Rosen (SR-3287)
488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400
Facsimile:  (212) 753-3630
Email:  rharwood@hfesq.com
         srosen@hfesq.com

Counsel for Plaintiff Coulter and Proposed Co-Lead Counsel for the Class

## CERTIFICATE OF SERVICE

I, Sara Fuks, an associate with the law firm Milberg Weiss LLP, hereby certify that I caused a true and correct copy of the following documents to be served with the Clerk of the Court using the CM/ECF system, which will send notifications of filing to the CM/ECF participants listed on the attached Service List, and caused all counsel listed on the Service List to be served by regular U.S. Mail on this 1st day of February 2008:

1.   REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF C. KENNETH COULTER'S MOTION FOR CONSOLIDATION, APPOINTMENT AS INTERIM LEAD PLAINTIFF AND INTERIM CO-LEAD COUNSEL; and

2.   SUPPLEMENTAL DECLARATION OF LORI G. FELDMAN IN FURTHER SUPPORT OF PLAINTIFF C. KENNETH COULTER'S MOTION FOR CONSOLIDATION, APPOINTMENT AS INTERIM LEAD PLAINTIFF AND INTERIM CO-LEAD COUNSEL.


_/s/ Sara Fuks_
Sara Fuks

MORGAN STANLEY ERISA
SERVICE LIST

| *Counsel for Plaintiffs:* | |
|---|---|
| Gregory M. Nespole<br>Mark C. Rifkin<br>Michael Jaffe<br>Robert B. Weintraub<br>**WOLF HALDENSTEIN ADLER FREEMAN**<br> **& HERZ LLP**<br>270 Madison Avenue<br>New York, NY  10016<br>(T) 212.545.4600<br>(F) 212.545.4653<br><br>*Attorneys for Plaintiff Carolyn Egan* | Milo Silberstein<br>**DEALY & SILBERSTEIN, LLP**<br>225 Broadway, Suite 1405<br>New York, NY  10007<br>(T) 212.385.0066<br>(F) 212.385.2117<br><br>*Attorneys for Plaintiff John Siefken* |
| Joseph H. Meltzer<br>Edward W. Ciolko<br>Katherine B. Bornstein<br>**SCHIFFRIN BARROWAY TOPAZ**<br> **& KESSLER, LLP**<br>280 King of Prussia Road<br>Radnor, PA  19087<br>(T) 610.667.7706<br>(F) 610.667.7056<br><br>*Attorneys for Plaintiff John Siefken* | Jeffrey S. Abraham<br>Arthur J. Chen<br>**ABRAHAM, FRUCHTER & TWERSKY, LLP**<br>One Penn Plaza, Suite 2805<br>New York, NY  10119<br>(T) 212.279.5050<br>(F) 212.279.3655<br><br>*Attorneys for Plaintiff Gregory Major* |

| *Counsel for Defendants:* | |
|---|---|
| Robert F. Wise, Jr.<br>**DAVIS POLK & WARDWELL**<br>450 Lexington Avenue<br>New York, NY 10017<br>(T) 212.450.4512<br>(F) 212.450.3800<br><br>*Attorneys for Defendants Morgan Stanley and Morgan Stanley & Co., Inc.* | John Plotnick, Vice President<br>**C/O MORGAN STANLEY**<br>1633 Broadway<br>New York, NY 10036<br><br>*For Defendants The Morgan Stanley Global Director of Human Resources, The Investment Committee of The Morgan Stanley 401(K) Plan, The Plan Administrator, John J. Mack, Roy J. Bostock, Erskine B. Bowles, Sir Howard J. Davies, Karen Jamesley, C. Robert Kidder, Donald T. Nicolaisen, Charles H. Noski, Hutham S. Olayan, Charles E. Phillips, Jr., O. Griffith Sexton, Dr. Laura D. Tyson, and Dr. Klaus Zumwinkel* |