## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C. KENNETH COULTER, On Behalf of Himself and All Others Similarly Situated, | Civil Action No.: 07 Civ. 11624 (RWS) |
| Plaintiff, | |
| v. | |
| MORGAN STANLEY, MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, THE INVESTMENT COMMITTEE, THE PLAN ADMINISTRATOR, THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, JOHN J. MACK, ROY J. BOSTOCK, ERSKINE B. BOWLES, SIR HOWARD J. DAVIES, KAREN JAMESLEY, C. ROBERT KIDDER, DONALD T. NICOLAISEN, CHARLES H. NOSKI, HUTHAM S. OLAYAN, CHARLES E. PHILLIPS, JR., O. GRIFFITH SEXTON, DR. LAURA D. TYSON, DR. KLAUS ZUMWINKEL, and JOHN DOES 1-30, | (Caption Continued) |
| Defendants. | |

## SUPPLEMENTAL DECLARATION OF LORI G. FELDMAN IN FURTHER SUPPORT OF PLAINTIFF C. KENNETH COULTER'S MOTION FOR CONSOLIDATION, APPOINTMENT AS INTERIM LEAD PLAINTIFF AND INTERIM CO-LEAD COUNSEL

| | |
|---|---|
| CAROLYN EGAN, On Behalf of Herself and All Others Similarly Situated, | : Civil Action No.: 07 Civ. 11285 (RWS) |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, MORGAN STANLEY, THE INVESTMENT COMMITTEE OF THE MORGAN STANLEY 401(k) PLAN (f/k/a THE MORGAN STANLEY DPSP/START PLAN), THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, WALID A. CHAMMAH, CHARLES CHASIN, ZOE CRUZ, RICHARD PORTOGALLO, JAMES P. GORMAN, NEAL A. SHEAR, CORDELL G. SPENCER, and JOHN DOE DEFENDANTS 1-30, | : : : : : : : : : : : |
| | : |
| Defendants. | : |
| | : |
| JOHN SIEFKEN, On Behalf of Himself and All Others Similarly Situated, | : Civil Action No.: 07 Civ. 11456 (JGK) |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MORGAN STANLEY, MORGAN STANLEY & CO. INC., MORGAN STANLEY PLANS "INVESTMENT COMMITTEE," MORGAN STANLEY PLANS "ADMINISTRATIVE COMMITTEE," JOHN J. MACK, C. ROBERT KIDDER, ERSKINE B. BOWLES, DONALD T. NICOLAISEN, and JOHN DOES 1-10, | : : : : : : : |
| | : |
| Defendants. | : |
| | : |
| GREGORY MAJOR, On Behalf of Himself and All Others Similarly Situated, | : Civil Action No.: 08 Civ. 00496 (UA) |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| MORGAN STANLEY, MORGAN STANLEY & CO. INC., MORGAN STANLEY PLANS "INVESTMENT COMMITTEE," MORGAN STANLEY PLANS "ADMINISTRATIVE COMMITTEE," JOHN J. MACK, C. ROBERT KIDDER, ERSKINE B. BOWLES, DONALD T. NICOLAISEN, and JOHN DOES 1-10, | : : : : : : : |
| | : |
| Defendants. | : |

LORI G. FELDMAN hereby declares the following under penalty of perjury:

1.      I, Lori G. Feldman, am an attorney duly licensed to practice before the courts of the State of New York and Washington State.  I am a member of the firm Milberg Weiss LLP ("Milberg Weiss"), and am one of the attorneys of record for Plaintiff C. Kenneth Coulter and the putative class members in the above-referenced actions.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      I submit this declaration in support of the Reply Memorandum of Law In Further Support of Plaintiff C. Kenneth Coulter's Motion For Consolidation, Appointment of Interim Lead Plaintiff and Interim Co-Lead Counsel.

3.      Attached hereto as Exhibit A is a true and correct copy of the order appointing interim lead plaintiffs prior to class certification in *In re Royal Dutch/Shell Transport ERISA Litig*. No. 04-cv-1398 (D.N.J. June 30, 2004).

4.      Attached hereto as Exhibit B is a true and correct copy of the order regarding appointing interim lead plaintiffs prior to class certification in *In re AIG ERISA Litig.* No. 04-cv-9387-JES (S.D.N.Y Aug. 3, 2005).

5.      Attached hereto as Exhibit C is a true and correct copy of the order appointing interim lead plaintiffs in *Gray v. Citigroup Inc.,* No. 07-cv-9790 (S.D.N.Y. Jan. 22, 2008).

6.      Attached hereto as Exhibit D is a true and correct copy of the transcript of the Lead Plaintiff/Lead Counsel hearing before Judge Stein in *Gray v. Citigroup Inc.*, No. 07-cv-9790 (S.D.N.Y. Jan. 17, 2008).

7.      Attached hereto as Exhibit E is a true and correct copy of the order regarding appointing interim lead plaintiffs prior to class certification in *In re Boston Scientific Corp. ERISA Litig.* No. 06-cv-10105-JLT (D. Mass. April 3, 2006).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 1st day of February, at New York, New York.



_/s/ Lori G. Feldman_
Lori G. Feldman

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In re:                              :

ROYAL DUTCH/SHELL TRANSPORT         :       Civil Action No. 04-1398(JWB)
ERISA LITIGATION                            (Consolidated Cases)
                                    :       Hon. John W. Bissell

                                    :       **O R D E R**


    Pursuant to the agreement of counsel as to the disposition

of several initial motions in related class actions assigned to

this Court; and good cause appearing in the papers submitted,

    IT IS on this 30th day of June 2004, **ORDERED**:

    (1.)  The following actions are consolidated for all

purposes under "Consolidated Action No. 04-1398."

```
--------------------------------
```
GORDON LANCASTER, Individually:
and on behalf of all others
similarly situated;                 :
                                            Civil Action No. 04-1398
        v.                          :

ROYAL DUTCH PETROLEUM COMPANY;:
JEROEN VAN DER VEER; PHILIP
WATTS and PERVIS THOMAS, JR., :

        Defendants.     :
```
--------------------------------
```
KENNETH LOTTINGER, Individually
and on behalf of a class of all
others similarly situated,      :

        Plaintiffs,     :
                                            Civil Action No. 04-1655(JWB)
        v.                      :

```
N.V. KONINKLIJKE NEDERLANDSCHE:
PETROLEUM MAATSCHAPPIJ, a/k/a
ROYAL DUTCH PETROLEUM COMPANY;:
THE SHELL TRANSPORT AND
TRADING COMPANY, PLC; et al.; :

            Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - :
JOHN TRISTAN, JOSE VALADEZ,
OSCAR PENA, HERNALDO RIVERA  :
and JOHN R. ROSENBOOM,
Individually and on behalf of :
all others similarly situated
and on behalf of the Shell   :
Provident Fund and the Shell
Pay Deferral Investment Fund, :

            Plaintiffs,     :
                                    Civil Action No. 04-1636(JWB)
        v.                  :

ROYAL DUTCH PETROLEUM COMPANY;:
JEROEN VAN DER VEER; PHILIP  :
WATTS and PERVIS THOMAS, JR.,
                            :

            Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - -
SCOTT FRANKLIN, JR., Individ- :
ually and on behalf of all
others similarly situated,   :

            Plaintiffs,     :
                                    Civil Action No. 04-1694(JWB)
        v.                  :

ROYAL DUTCH COMPANY;         :
JEROEN VAN DER VEER;
PHILIP WATTS and             :
PERVIS THOMAS, JR.,

                            :
            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - :
```

(2.)  Any action hereinafter filed in the Court or

transferred to this Court arising out of the same facts and asserting the same or substantially similar claims as alleged in these consolidated cases shall also be consolidated under that docket number. All papers submitted herein shall hereafter bear the caption "IN RE ROYAL DUTCH/SHELL TRANSPORT ERISA LITIGATION" under the above-mentioned docket number.

(3.) The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she, or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

(4.) When a case which relates to the subject matter of this Consolidated Action is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

        (a)   Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case and to the attorneys for any new defendant(s) in the newly filed or transferred case; and

        (b)   Mail a copy of the Order of Assignment to counsel for plaintiffs and to counsel for defendants in the Consolidated Action.

(5.) This Court directs counsel to call to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated with these actions.

(6.) This Order shall apply to each case subsequently filed in this Court or transferred to this Court unless a party

-3-

objecting to the consolidation of such case or to any other provision of this Order shall, within fifteen (15) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

(7.)    All references to filing of documents with the Court or its Clerk shall include electronic filing where feasible and appropriate.

(8.)    The Court hereby designates the following plaintiffs to act as co-lead plaintiffs in this action:  Gordon Lancaster, John Tristan, Jose Valadez, Oscar Pena, Hernaldo Rivera, John R. Rosenboom and Scott Franklin, Jr.

(9.)    The Court designates the following firm to act as co-lead counsel on behalf of plaintiffs with the responsibilities described later in this Order:  Wechsler Harwood LLP, Scott & Scott, LLC and Milberg Weiss Bershad Hynes & Lerach LLP.

(10.)    Subject to this Court's exercise of discretion to review any disputed material decision, lead counsel shall have sole authority over the following matters on behalf of all plaintiffs in their respective cases:  (a) the establishment of working committees for the efficient prosecution of the litigation and the appointment of chairpersons and members of such committees;  (b) the initiation, response, scheduling,

-4-

briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other plaintiffs' counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with defendants; and (h) other matters concerning the prosecution or resolution of their respective cases.

(11.)  No motion shall be initiated or filed on behalf of any plaintiff except through lead counsel in these cases.  Any discovery dispute shall be brought to the attention of Magistrate Judge Haneke by letter with five business days to respond.  There are to be no formal discovery motions filed without prior permission of the Court.

(12.)  Subject to this Court's exercise of discretion to review any disputed material decision, lead counsel shall have sole authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs in their respective cases, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with lead or designated counsel, and such agreement shall be binding on all other plaintiffs' counsel in their respective cases.

(13.)  The Court designates the following firm to act as liaison counsel on behalf of plaintiffs:  Lite DePalma Greenberg

& Rivas, LLC.

(14.) Defendants shall effect service of papers on plaintiffs by serving a copy of the papers electronically, by overnight mail service, telecopy or hand delivery on:  (a) liaison counsel and (b) lead counsel.  Liaison counsel shall effect service on all other plaintiffs' counsel either electronically or by first class United States mail.  Plaintiffs shall effect service of papers on defendants by serving a copy of the paper by overnight mail service, telecopy or hand delivery on counsel for defendants.  This Court's Master Service List shall govern in all proceedings.

(15.)  The Court directs all counsel in this Consolidated Action to make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses.  However, nothing in this Order is intended to diminish the right of any counsel to be heard on matters that are not appropriate for joint or common action or as to which there is a genuine and substantial disagreement among counsel.

(16.)  Each attorney not a member of the Bar of this Court, who is acting as counsel for a plaintiff or defendant herein and who is in good standing in any district court of the United States, shall be deemed admitted pro hac vice to practice before this Court in connection with this Consolidated Action.

(17.)  The Court recognizes that cooperation by and among

-6-

counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the communication of information among and between plaintiffs' counsel and among or between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product privilege.

(18.)  Plaintiffs, under the direction of lead counsel, shall file and serve their Consolidated Amended Class Action Complaint as to all claims brought by all plaintiffs within thirty (30) days of the date of this Order.  Defendants shall answer, move or otherwise plead within thirty (30) days after service of the Consolidated Amended Complaint.  No dispositive motion shall be filed without prior permission of the Court, unless a schedule for filing, briefing and arguing any such motion shall be set forth in one or more Case Management Orders herein.

(19.)  The parties shall schedule promptly a conference with Hon. G. Donald Haneke, USMJ, in order to, _inter alia_, generate the initial Case Management Order.


/s/    John W. Bissell
JOHN W. BISSELL
Chief Judge
United States District Court

-7-

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

MARGARET B. AMIDEI, OSCAR F. SALEH, )
and GRACE C. BAXTER, individually and on )
behalf of others similarly situated, )
                 Plaintiffs, )
                  )
       v. )
AMERICAN INTERNATIONAL GROUP, )
INC., MAURICE R. GREENBERG, HOWARD )
I. SMITH, DONALD P. KANAK, MARTIN J. )
SULLIVAN, RICHARD A. GROSIAK, AXEL )
I. FREUDMANN, PATRICIA R. MCCANN, )
JOHN DOES 1-20 (AIG RETIREMENT )
BOARD), )
                 Defendants. )

ECF Case

Civ. Action No. 04-cv-9387
(JES) (AJP)

**[PROPOSED] ORDER OF
CONSOLIDATION AND
PRELIMINARY SCHEDULE
OF PROCEEDINGS**

TERRY PHILLIPS, individually and on behalf )
of all others similarly situated, )
                 Plaintiff, )
                  )
       v. )
AMERICAN INTERNATIONAL GROUP, )
INC., et al., )
                 Defendants. )

Civ. Action No: 05-cv-4142
(JES) (AJP)

EMMA TOY, individually and on behalf of all )
others similarly situated, )
                 Plaintiff, )
                  )
       v. )
AMERICAN INTERNATIONAL GROUP, )
INC., et al., )
                 Defendants. )

Civ. Action No: 05-cv-4221
(JES) (AJP)

1

CHRISTOPHER TONLEY, individually and on )
behalf of all others similarly situated, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　 )
　　　　v. )
　　　　　　　　　　　　　　　　　　　 )
AMERICAN INTERNATIONAL GROUP, )
INC., et al., )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Defendants. )
　　　　　　　　　　　　　　　　　　　 )

Civ. Action No: 05-cv-4257
(JES) (AJP)

MARIA SERGI and JAMES O. BRITT, )
individually and on behalf of all others similarly )
situated, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　 )
　　　　v. )
　　　　　　　　　　　　　　　　　　　 )
AMERICAN INTERNATIONAL GROUP, )
INC., et al., )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Defendants. )
　　　　　　　　　　　　　　　　　　　 )

Civ. Action No: 05-cv-4266
(JES) (AJP)

PEDRO J. NIEVES, individually and on behalf )
of all others similarly situated, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　 )
　　　　v. )
　　　　　　　　　　　　　　　　　　　 )
AMERICAN INTERNATIONAL GROUP, )
INC., et al., )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Defendants. )

Civ. Action No: 05-cv-4352
(JES) (AJP)

2

| | |
|---|---|
| LINDA ADAMS, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>      v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>          Defendants. | Civ. Action No. 05-cv-4439 (JES) (AJP) |
| THOMAS SINYARD, individually and on behalf of all others similarly situated,<br>          Plaintiff,<br><br>      v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>          Defendants. | Civ. Action No: 05 Civ. 5675 (JES) (AJP) |
| JOSEPH SARACO, on behalf of himself and a class of persons similarly situated,<br><br>          Plaintiff,<br><br>      v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>          Defendants. | Civ. Action No: 05 Civ. 6179 (JES) (AJP) |

IT IS HEREBY ORDERED as follows:

1.     The actions entitled *Amidei v. American International Group, Inc., et al.*, Case No. 04 CV 9387; *Phillips v. American International Group, Inc., et al.*, Case No. 05 CV 4142; *Toy v. American International Group, Inc., et al.*, Case No. 05 CV 4221; *Tonley v. American International Group, Inc., et al.*, Case No. 05 CV 4257; *Sergi v. American International Group, Inc., et al.*, Case No. 05 CV 4266; *Nieves v. American International Group, Inc., et al.*, Case No. 05 CV 4352; *Adams v. American International Group, Inc., et al.*, Case No. 05 CV 4439; *Sinyard v. American International Group, Inc., et al.*, Case No. 05 CV 5675, and *Saraco v.*

3

*American International Group, Inc., et al.,* Case No. 05 CV 6179, (the "Actions") are hereby consolidated pursuant to Fed. R. Civ. P. 42(a).

2.    All actions filed in the future in this District or transferred to this District that allege ERISA claims arising out of the same or substantially similar facts as alleged in the Actions will be consolidated with the law numbered case: 04 CV 9387.

3.    For the purposes of this Order, a "Related Action" is any purported class action or direct action, brought under the Employee Retirement Income Security Act ("ERISA") § 502(a)(2), (3), 29 U.S.C. § 1132(a)(2), (3), and involving questions of law or fact common to the above-captioned Actions, within the meaning of Fed. R. Civ. P. 42(a).

4.    This Order shall apply to each Related Action subsequently filed in or transferred to this Court, unless a party objecting to the consolidation of such a case or to any other provision of this Order shall, within twenty (20) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application, with notice to the Provisional Committee (as defined below) and counsel for defendants in this Action, for relief from this Order or any provision herein, and this Court deems it appropriate to grant such application.

5.    All Related Actions subsequently filed in or transferred to this Court shall be consolidated for all purposes with this Action.

6.    When a Related Action is hereafter filed in or transferred to this Court and assigned to the Honorable John E. Sprizzo, the Clerk of the Court shall:

    a)    Mail a copy of such order of relatedness or transfer to the Provisional Committee (as defined below) in this Action;

    b)    Place a copy of this Order in the separate file for such newly filed or transferred action; and

    c)    Make an appropriate entry in the Master Docket.

7.    Plaintiffs' Counsel in this Action shall promptly mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case. The attorneys for the

4

plaintiff(s) in the newly filed or transferred case shall thereafter promptly serve a copy of this Order upon any new defendants or their counsel in the newly filed or transferred case.

8.    The Court requests the assistance of all counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might properly be consolidated as part of this Action.

9.    The Clerk of the Court will maintain a master docket and case file under the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------x
                                     :
In Re AIG ERISA Litigation          :    Master File No.: 04-CV-9387 (JES) (AJP)
                                     :
                                     :
-------------------------------------x
```

All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each applicable constituent case.

10.    All orders, pleadings, motions, and other documents served or filed in this Action will bear the caption of "In Re AIG ERISA Litigation." To the extent Related Actions are consolidated with this Action, if a document is applicable to all of the constituent actions, such caption shall also include the notation that the document is related to "All Cases" and be filed and docketed only in the master file. Documents intended to apply only to one or more, but not all, of the constituent cases shall indicate in their caption the specific case number of the case or cases to which they apply and extra copies of each document shall be provided to the Clerk to facilitate filing and docketing both in the master case file and in each of the specified individual case files.

11.    The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she, or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

5

12.     The law firms of Wolf Popper LLP, Squitieri & Fearon, LLP, Wechsler Harwood LLP, and Keller Rohrback L.L.P. shall constitute a provisional committee (the "Provisional Committee"), on behalf of all Plaintiffs' Counsel, and shall share responsibility among all Plaintiffs' Counsel in the Consolidated Actions, including the drafting and filing of a Consolidated Amended Class Action Complaint, the briefing of any motion to dismiss, and the class certification motion, and any matters pertaining thereto. This committee shall serve until the appointment of co-lead counsel after determination of the class certification motion.

13.     In performing its duties and responsibilities, the Provisional Committee members shall consult with one another and coordinate their activities to prevent inefficiency or duplicative work. In the event of a dispute among Provisional Committee members, the Provisional Committee shall jointly seek guidance from the Court.

14.     Service of pleadings and other papers by defendants shall be made only upon Wolf Popper LLP, Keller Rohrback L.L.P., Squitieri & Fearon LLP, and Wechsler Harwood LLP, which are authorized and directed to accept service on behalf of all ERISA plaintiffs.

15.     The parties have conferred and reached agreement with respect to a voluntary production by American International Group, Inc. of certain documents and/or information which the parties expect will be provided to the Provisional Committee on or before August 12, 2005.

16.     Any documents or information provided to the Provisional Committee by American International Group, Inc. shall be deemed to have been provided to plaintiff(s) in any subsequently filed and consolidated actions, and American International Group, Inc. shall not be required to provide the same documents or information to any party in any subsequently filed and consolidated actions.

17.     The Consolidated Amended Class Action Complaint shall be filed by August 29, 2005.

6

18.    The Consolidated Complaint shall be the operative complaint and shall supercede all complaints filed in any of the actions consolidated herein. Pending filing and service of the Consolidated Complaint, Defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, Defendants shall not be required to answer, plead, or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each Defendant shall have sixty (60) days from the date the Court grants such permission within which to answer, plead, or otherwise move with respect to that complaint.

SO ORDERED this 5 day of August 2005.

HONORABLE JOHN E. SPRIZZO
UNITED STATES DISTRICT JUDGE

7

# Exhibit C

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

STEPHEN GRAY,                                    :        07 Civ. 9790 (SHS)

                          Plaintiff,             :

          -against-                              :            ORDER

CITIGROUP INC., *ET AL.*,                        :

                          Defendants.            :
-------------------------------------------------------------x

SHAUN ROSE,                                      :        07 Civ. 10294 (SHS)

                          Plaintiff,             :

          -against-                              :

CITIGROUP INC., *ET AL.*,                        :

                          Defendants.            :
-------------------------------------------------------------x

MEREDITH TRANBERG,                               :        07 Civ. 10341 (SHS)

                          Plaintiff,             :

          -against-                              :

CITIGROUP INC., *ET AL.*,                        :

                          Defendants.            :
-------------------------------------------------------------x

ANTON K. RAPPOLD,                                :        07 Civ. 10396 (SHS)

                          Plaintiff,             :

          -against-                              :

CITIGROUP INC., *ET AL.*,                        :

                          Defendants.            :
-------------------------------------------------------------x

--------------------------------------------------------------x

SAMIER TADROS,                           :        07 Civ. 10442 (SHS)

                Plaintiff,              :

       -against-                         :

CITIGROUP INC., *ET AL.*,                :

            Defendants.               :
--------------------------------------------------------------x

STEPHAN FIORINO,                         :        07 Civ. 10458 (SHS)

                Plaintiff,              :

       -against-                         :

CITIGROUP INC., *ET AL.*,                :

            Defendants.               :
--------------------------------------------------------------x

JAMES BOLLA,                             :        07 Civ. 10461 (SHS)

                Plaintiff,              :

       -against-                         :

CITIGROUP INC., *ET AL.*,                :

            Defendants.               :
--------------------------------------------------------------x

MARK GEROULO,                            :        07 Civ. 10472 (SHS)

                Plaintiff,              :

       -against-                         :

CITIGROUP INC., *ET AL.*,                :

            Defendants.               :
--------------------------------------------------------------x

-2-

```
-----------------------------------------------------x
```

ALAN STEVENS,                              :        07 Civ. 11156 (SHS)

              Plaintiff,           :

      -against-                            :

CITIGROUP INC., *ET AL.*,                  :

            Defendants.          :

```
-----------------------------------------------------x
```

STEVEN GOLDSTEIN,                          :        07 Civ. 11158 (SHS)

              Plaintiff,           :

      -against-                            :

CITIGROUP INC., *ET AL.*,                  :

            Defendants.          :

```
-----------------------------------------------------x
```

CHRIS SOUTHARD,                            :        07 Civ. 11164 (SHS)

              Plaintiff,           :

      -against-                            :

CITIGROUP INC., *ET AL.*,                  :

            Defendants.          :

```
-----------------------------------------------------x
```

WILLIAM WOODWARD, *ET ANO*,                :        07 Civ. 11207 (SHS)

              Plaintiff,           :

      -against-                            :

CITIGROUP INC., *ET AL.*,                  :

            Defendants.          :

```
-----------------------------------------------------x
```

```
-------------------------------------------------------------x
```

FRANCIA BRICK,                              :       07 Civ. 11369 (SHS)

                    Plaintiff,              :

           -against-                        :

CITIGROUP INC., *ET AL.*,                    :

                 Defendants.            :

```
-------------------------------------------------------------x
```

SIDNEY H. STEIN, U.S.D.J.

      A pretrial conference having been held on January 17, 2008, with counsel for all

parties present,

      IT IS HEREBY ORDERED that, for the reasons set forth on the record,

      1.    These actions shall be consolidated for all purposes and all future

documents shall be filed via ECF in the **lead case only**, Stephen Gray, *et al.* v. Citigroup Inc., *et*

*al.*, 07 Civ. 9790 (SHS);

      2.    Wolf Popper LLP and Harwood Feffer LLP are appointed as interim lead

counsel;

      3.    Stephen Gray, Samier Tadros, and James Bolla are appointed as interim

lead plaintiffs;

      4.    The following motions shall be terminated:

| Case No. | Motions |
|----------|---------|
| 07 Civ. 9790 | 3, 14, 33 |
| 07 Civ. 10294 | 3, 9, 24 |
| 07 Civ. 10341 | 2, 24 |
| 07 Civ. 10396 | 2, 23 |
| 07 Civ. 10442 | 2, 42 |
| 07 Civ. 10458 | 2, 22 |

| Case No. | Motions |
|----------|---------|
| 07 Civ. 10461 | 2, 22 |
| 07 Civ. 10472 | 4, 26 |
| 07 Civ. 11156 | 7, 19 |
| 07 Civ. 11158 | 3, 17 |
| 07 Civ. 11164 | 7, 18 |
| 07 Civ. 11207 | 3 |
| 07 Civ. 11369 | 3, 7 |

Dated: New York, New York
        January 22, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.

# Exhibit D

424437_1

1

81G9CITA                    Argument
1  UNITED STATES DISTRICT COURT
1  SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
2
3  IN RE: CITIGROUP CASES
3
4
4                                   07 CV 9790 (SHS)
5
5
6  ------------------------------x
6                                   New York, N.Y.
7                                   January 17, 2008
7                                   4:20 p.m.
8
8  Before:
9
9                   HON. SIDNEY H. STEIN,
10
10                                   District Judge
11
11                        APPEARANCES
12
12  HARWOOD FEFFER LLP
13       Attorney for Plaintiff Samier Tadros
13  BY:  ROBERT I. HARWOOD
14
14  WOLF POPPER LLP
15       Attorney for Plaintiffs Stephen Gray and James Bolla
15  BY:  MARIAN P. ROSNER
16       JAMES KELLY-KOWLOWITZ
16       ANDREW E. LENCYK
17
17  STULL, STULL & BRODY
18       Attorneys for Plaintiff Steven Goldstein
18  BY:  HOWARD T. LONGMAN
19       EDWIN J. MILLS
20  SCHATZ NOBEL IZARD P.C.
20       Attorney for Plaintiffs Shaun Rose and Mark Geroulo
21  BY:  ROBERT A. IZARD
21       MARK P. KINDALL
22
23
24
25

                  SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

2

81G9CITA                    Argument
1                   APPEARANCES CONTINUED
2  COHEN MILSTEIN HAUSFELD & TOLL
2       Attorneys for Plaintiffs Shaun Rose, Mark Geroulo, and
3  William Woodward
3  BY:  MARC I. MACHIZ
4       LYNDA J. GRANT
5  SARRAF GENTILE LLP
5       Attorney for Plaintiff Mark Geroulo
6  BY:  RONEN SARRAF
6
7  BRAGAR WEXLER & EAGEL, P.C.
                        Page 1

424437_1
```
 7         Attorneys for Plaintiff Meredith Tranberg
 8    BY:  PAUL D. WEXLER
 8         JEFFREY H. SQUIRE
 9
 9    SANFORD, WITTELS & HEISLER, LLP
10         Attorney for Plaintiff Francia Brick
10    BY:  WILLIAM WEINSTEIN
11
11    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
12         Attorneys for Defendants
12    BY:  DOUGLAS M. PRAVDA
13         LEWIS R. CLAYTON
14
15
16
17
18
19
20
21
22
23
24
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

3

```
      81G9CITA                Argument
 1              (Case called)
 2              THE COURT:  All right.  Please be seated.
 3              Just so the record is clear, the cases that I have as
 4    Citicorp ERISA cases and that are here, should be here, are as
 5    follows:  Gray v. Citicorp, 07 CV 9790; Rose v. Citigroup,
 6    07 CV 10294; Rappold v. Citigroup 07 CV 10396, Tadros v.
 7    Citigroup, 07 CV 10442; Fiorino v. Citigroup, 07 CV 10458;
 8    Bolla v. Citigroup, 07 CV 10461; Geroulo v. Citigroup
 9    07 CV 10472, Steven v. Citigroup, 07 CV 11156; Goldstein v.
10    Citigroup 07 CV 1158; Southard v. Citigroup, 07 CV 11164;
11    Woodward v. Citigroup, 07 CV 11207; Brick v. Citigroup,
12    07 CV 11369.
13              There should be 13 cases.  Those are the ones that I
14    have as ERISA.
15              MS. ROSNER:  Your Honor, I think you omitted the
16    Tranberg case, which is civil action number 07 CV 10341.
17              THE COURT:  Do we have that?
18              (Pause)
19              Yes.  Thank you.  Tranberg, 07 CV 10341.
20              I've read all the motion papers.  And this is a
21    discussion and argument on the motion to consolidate these 13
22    ERISA cases and for appointment of interim lead plaintiffs, and
23    for appointment of interim lead counsel on behalf of the
24    putative class.
25              Nobody has opposed the consolidation.  Unless somebody
```
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

4

```
      81G9CITA                Argument
 1    is going to oppose it now, let me consolidate these thirteen.
 2    Under Federal Rule of Civil Procedure 42, I find the actions
 3    involve a common question of law or of fact and I therefore am
 4    consolidating.
 5              As you know, there are also cases here under -- not
 6    today but against Citigroup under 10(b)(5) that are securities
```
Page 2

424437_1

7  actions and derivative actions.  They are not involved in this
8  consolidation.  My current intention is to keep them
9  coordinated, but my current intention is not to consolidate the
10 securities actions or the derivative actions with this, what is
11 now a consolidated ERISA action.
12         I should make a number of disclosures.  Broadly, as a
13 lawyer, I've litigated either with or against many of you.
14 That's one.  I've appeared on panels with Ms. Rosner.  I was an
15 associate at Paul, Weiss, which is the firm Mr. Clayton comes
16 from.  I certainly know Mr. Clayton.  At that time Mr. Wexler
17 was also a lawyer.  Mr. Machiz appeared before me yesterday and
18 two days ago on the Banyai case.  I don't know if there's
19 anything else.  Those are those disclosures.  Either I or a
20 member of my family held Citigroup stock but it was sold in
21 late 19 -- late, I'm sorry, 2006.  So we held no stock when
22 these actions were started.
23         As I say, I have read all of the papers.  I don't
24 think there's any need to restate them.  I will listen to
25 anyone from the Gray plaintiffs, that's Gray Tadros and Bolla;

5

81G9CITA                    Argument
1  or the Goldstein plaintiffs, that's Goldstein -- that's Stull,
2  Stull & Brody, when I said the Gray plaintiffs.  The firms are
3  Wolf Popper and Harwood Feffer.  Or from the Rose plaintiffs,
4  which is Rose and Geroulo.  That's, at this point, Schatz Nobel
5  Izard or Cohen Milstein.
6          So if anybody really wants to say something about why
7  they are great and the other people aren't, I'll listen to it.
8  But I must say that I've read the papers and I'll have a couple
9  of questions.  Anyone tell me -- yes.  Ms. Rosner, it's not a
10 surprise.
11         MS. ROSNER:  Good afternoon, your Honor.  I'm senior
12 partner of Wolf Popper, and I have had over 30 years of
13 experience in complex class actions.  I currently serve as one
14 of the four provisional lead counsel in the AIG ERISA case
15 before Judge Sprizzo, along with Mr. Harwood, who is my
16 proposed cocounsel.  I'd like to introduce to the court my
17 client, Steven Gray.
18         THE COURT:  Welcome, sir.
19         MS. ROSNER:  And also Mr. Harwood would like to
20 introduce his client, Mr. Tadros, who is here today.
21         THE COURT:  Welcome.
22         MR. HARWOOD:  You can see we've covered the spectrum,
23 your Honor, physically.
24         MS. ROSNER:  These three clients own --
25         THE COURT:  You can be seated, gentlemen.

6

81G9CITA                    Argument
1          MS. ROSNER:  These three clients have lost by far the
2  most of any of the plaintiffs seeking to be appointed interim
3  lead plaintiff.
4          THE COURT:  I really don't see any case law that makes
5  that a factor.  It's clearly a factor of the PSLRA but I really
6  don't see any case law.
7          MS. ROSNER:  I think it's cited in our brief.
8          THE COURT:  Well, you reasoned by analogy.  I saw it.
9          MS. ROSNER:  I think within your discretion under Rule
10 23 --
11         THE COURT:  (g).

424437_1

12        MS. ROSNER:  -- (g). I think you can take into account
13   that three plaintiffs have lost close to three hundred thousand
14   dollars, have a very highly motivated incentive to prosecute
15   this case as compared to a plaintiff, such as the one
16   represented by the Stull firm who lost a mere $28,000 -- and
17   I'm not disparaging that amount.  Because I think to any
18   retiree a loss in this case is significant.
19        But I ask the court to take into consideration
20   under -- in its discretion the fact that these three plaintiffs
21   have the largest financial interest.
22        I'm not going to repeat the factors that I know the
23   court is familiar with under Rule 23(g) but I will say that
24   under those factors that Wolf Popper and Harwood Feffer are by
25   far the most qualified counsel to be appointed lead -- interim
              SOUTHERN DISTRICT REPORTERS, P.C.
                     (212) 805-0300

                                                              7

81G9CITA            Argument
1    lead counsel in this case.
2         THE COURT:  We're talking about -- let's make sure
3    we're talking about the same factors; 23(g)(1)(a).  The work
4    counsel has done in identifying and investigating potential
5    claims in the action, counsel's experience in handling class
6    actions or other complex litigation and the types of claims
7    asserted in the action, counsel's knowledge of the applicable
8    law and the resources that counsel will commit to representing
9    a class.
10        That's what you were referring to?
11        MS. ROSNER:  Absolutely.
12        THE COURT:  Go ahead.
13        MS. ROSNER:  Wolf Popper and Harwood Feffer have done
14   more than any other firm in this case to prosecute and move
15   this case along as much as they can at this stage.
16        THE COURT:  You know, I saw that you've communicated
17   with the general counsel, you filed FOIA requests, you've
18   retained a financial damages consultant.
19        Is that what you're going to say?  And you were the
20   first complaint?
21        MS. ROSNER:  It's not just that we were the first to
22   file.  It's just that we filed the complaint that gave the
23   model for all other complaints filed in the case, and several
24   firms indeed copied our complaint.
25        And it's not only that we filed the first complaint.
              SOUTHERN DISTRICT REPORTERS, P.C.
                     (212) 805-0300

                                                              8

81G9CITA            Argument
1    But, in addition to serving the requests, getting the ERISA
2    documents, and hiring a damage expert, we have investigated --
3    we have an in-house investigator who has been delving more
4    deeply into the facts in preparation of the consolidated
5    complaint.  And I don't think that there's anybody here that
6    can say that they have done anything, let alone more than us,
7    to move this case along.
8         THE COURT:  Tell me about your ERISA experience.  We
9    have Mr. Machiz, who spent twelve years in the government
10   dealing with ERISA cases, and as I say, the other action he
11   represents the plaintiff on before me is an ERISA case as well.
12   So I'd like to hear about the ERISA experience of your firm.
13        You mentioned the In Re:  AIG Litigation.  Is that the
14   one before Judge Sprizzo?
15        MS. ROSNER:  That's the one before Judge Sprizzo.
16        THE COURT:  And the other guys take potshots at you
                           Page 4

424437_1

17  saying: Well, he didn't appoint anyone lead/colead counsel.
18  He said I don't do that until I determine whether or not
19  there's a class. So everybody is here. Congratulations. Work
20  together. And we'll move forward. That's the way I took that
21  transcript.
22          MS. ROSNER: Not necessarily. I think he was going to
23  appoint my firm and Squitieri. I said to the court I think
24  that's unfair to Keller Rohrback. And as a result of that, the
25  court included Keller Rohrback as well as Mr. Harwood's firm,
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                                                                    9

81G9CITA                Argument
1  and that's how it came about. But, we did move with Keller
2  Rohrback to be colead counsel. And, in fact, they had no
3  problem with our ERISA experience. Indeed, we brought them
4  into the case in order to broaden the ERISA experience, just as
5  we brought Mr. Harwood into the case because of his extensive
6  ERISA experience.
7          Now I don't think that your Honor can take into
8  consideration the ERISA experience that Mr. Madrose has because
9  he is not seeking to be lead counsel in this case. He is only
10 seeking to be liaison counsel in this case and unless he --
11         THE COURT: Are you talking about Mr. Machiz?
12         MS. ROSNER: Mr. Machiz is seeking to be liaison or
13 local counsel in this case.
14         THE COURT: I'm going to have some questions for them
15 because it does look like the group was shifting who it was
16 asking to be lead counsel.
17         Go ahead.
18         MS. ROSNER: So, you really have to analyze the
19 qualifications of our two firms, the resources we bring, the
20 combined experience we bring, and the work that we've done
21 against the Schatz and the Stull firm.
22         THE COURT: Tell me, again, about your ERISA
23 experience outside of AIG. And tell me about Mr. Harwood as
24 well, unless you wanted him to say, because you propose that
25 you work together. Talk to me a little about the ERISA
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                                                                    10

81G9CITA                Argument
1  experience from your firms.
2          MS. ROSNER: My firm, your Honor, in addition to the
3  AIG case which has been litigated for three years, and which we
4  were alone in for five months before Keller Rohrback even
5  showed up. We extensively litigated that case. We moved for
6  injunction barring Greenberg from transferring stock to his
7  wife. We had a 26 Rule conference. We moved to lift stay.
8  And in the three years that this action has been pending, we
9  ostensibly litigated, along with Keller Rohrback, Mr. Harwood,
10 and Mr. Squitieri.
11         In addition, we're in the Aon Securities case on the
12 executive committee and we've done intensive work in that case.
13         Mr. Harwood --
14         THE COURT: Is that an ERISA?
15         MS. ROSNER: That's an ERISA case.
16         Mr. Harwood can speak for himself as to his ERISA
17 experience, but I will note that he has been in ten to twelve
18 ERISA actions as lead or colead counsel.
19         THE COURT: Well, I think they say that that's --
20 eight of those are really one case.
21         MS. ROSNER: Mr. Harwood can answer that question
                        Page 5

424437_1

22  himself.  But that's not true.  The Royal Dutch litigation
23  where Mr. Harwood settled the case for 90 million dollars.
24  Nobody discounts the fact that that case was settled at a time
25  when the stock had risen above the price where it was when the
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

11

81G9CITA                  Argument
1   case was brought, which technically would have eliminated the
2   right to damages.  And Mr. Harwood and his expert were able to
3   prove that under the alternative method of recovery that, in
4   fact, the class would have done much better if the investment
5   had been in another vehicle.  And accordingly, a 90 million
6   dollar settlement in that case was unprecedented, for that
7   case.
8         I think what's important to point out is that the
9   Schatz firm, which cannot rely upon Cohen Milstein for it's
10  ERISA experience, has to stand here alone and be evaluated by
11  its own credentials.  Schatz has nine attorneys, is located in
12  Hartford, and cannot match the combined experience of either
13  Wolf Popper or Harwood.
14        THE COURT:  Why shouldn't I include Cohen Milstein?
15  As I said I'm going to ask about the shifting nature of what
16  they're doing.
17        First of all the Hartford aspect doesn't really bother
18  me in this day and age of easy communications, but I take your
19  point.
20        Why shouldn't I include Cohen Milstein's ERISA
21  experience?
22        MS. ROSNER:  Because, your Honor, Cohen Milstein is a
23  firm that is not seeking to be the lead counsel.  It is seeking
24  only to be liaison counsel.  The reason I would submit that it
25  cannot be lead counsel is that the client it represents is
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

12

81G9CITA                  Argument
1   Patricia and Mr. Woodward, who are clients in a cash balance
2   case that their clients are currently in which would disqualify
3   him from acting as lead counsel.
4         You cannot under Cardinal Health and other authorities
5   maintain an ERISA action against the same company for a
6   different class.  And since his client is Patricia Woodward,
7   the same client that is Mr. Keller's, he cannot ask his client,
8   who is conflicted, to ask him to be lead counsel.  And I submit
9   that's the reason why he's only seeking to be local counsel.
10        THE COURT:  Are you telling me that Woodward, who is
11  his client, is involved in another ERISA action against
12  Citigroup, and you say there's law that says that that's a
13  conflict --
14        MS. ROSNER:  Yes, your Honor.
15        THE COURT:  -- because it's the same race, as it were?
16        MS. ROSNER:  Yes, your Honor.  And particularly now
17  with Citigroup being in the trouble that it's in, and desperate
18  for a cash infusion, and reporting the largest loss it ever has
19  in it's 196-year-old history, I think that the conflict could
20  even be greater because -- we may at one time have said that
21  Citibank is a solid and creditworthy bank.  Today it's running
22  after money as fast as it can, and slashing its dividend, and
23  cutting jobs, and is not in the same financial situation as it
24  was years ago.
25        THE COURT:  Go ahead.  What else?
SOUTHERN DISTRICT REPORTERS, P.C.
Page 6

424437_1
(212) 805-0300

13

81G9CITA                    Argument
1      MS. ROSNER:  I submit, your Honor, that since the
2  Cohen Milstein firm has not sought to be lead counsel and
3  cannot be lead counsel, and is similarly based in Washington,
4  although I understand today's world --
5      THE COURT:  They have a New York office.  Mr. Machiz
6  is in Philadelphia.  But they say -- their resume says they're
7  a Washington-based firm, yes.
8      MS. ROSNER:  That is correct.  But the court cannot
9  consider the qualifications of liaison counsel as it would the
10 qualifications of someone who is seeking to be lead counsel.
11 It's just that we don't have the same responsibilities.
12     THE COURT:  Thank you.  I understand.
13     Mr. Harwood, why don't you speak to that ERISA point
14 that I raised, about your experience.
15     MR. HARWOOD:  Thank you, your Honor.
16     To paraphrase Winston Churchill, I'm a modest man with
17 much to be modest about.  But in all modesty my firm has a
18 wealth of ERISA experience.
19     Ms. Rosner mentioned the Royal Dutch/Shell which
20 settled for 92 million dollars, 78 percent of the losses.  I
21 was colead counsel in that case.  Our opposition says it
22 settled before a -- the completed briefing -- actually we
23 completed briefing before a decision came down on a motion to
24 dismiss.
25     I think that's a good thing.  I don't know why they're
                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

14

81G9CITA                    Argument
1  quibbling about that.  It was a marvelous result.
2      We successfully argued in the Third Circuit very
3  recently the Conexant ERISA litigation and got a reversal and
4  developed law that dramatically expanded the scope of who was
5  covered under a planned participant, under ERISA; other people
6  who recited it.
7      I have led firms that are opposing us now in ERISA
8  actions such as the Schatz firm, Royal Dutch/Shell.
9      I've worked with the Schatz firm in other cases.
10     I've led the Schiffrin firm in ERISA cases, and I've
11 worked with the Schiffrin firm cooperatively in ERISA cases.
12     They cases they said, the eight or nine, are all one
13 case, they say.  It's not so, your Honor.  It has to do with
14 the market timing litigation, and I represent eight different
15 claimants suing eight different brokerage firms and banks.  And
16 I've got eight different sets of lawyers who flood me with
17 eight different sets of papers, not all at the same time.
18 There's a lot of market timing litigation; some of it against
19 the bank of New York; some of it against other banks and 10(b)
20 context.  There is no way that they could say that they are all
21 the same case.  And there is no way that they could say that
22 these are all the same ERISA case.  They all stem from the same
23 background of market timing, but we all had different clients
24 and different obligations.  And one of those cases was recently
25 argued by my firm in front of the Fourth Circuit.  I'm awaiting
                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

15

81G9CITA                    Argument
1  for a decision.
2      We do this day-in and day-out.  And we stand before
                         Page 7

424437_1

3    you, our credentials put on the record, and we invite your
4    Honor to look at them.
5            THE COURT:   Thank you.
6            Stull, Stull & Brody want to say anything?
7            And, again, please nobody has to feel obligated to
8    just repeat what's in the brief.  But if you wish to say
9    anything.
10           Tell me who you are, sir.
11           MR. MILLS:  Edwin Mills, your Honor.
12           THE COURT:  Yes, sir.
13           MR. MILLS:  With respect to the appointment of lead
14   plaintiff, Mr. Goldstein is still a participant in the plan.
15   That's important for two reasons.  Whoever is appointed is
16   likely to ask right off the bat for what's called the 104
17   documents.  The statute says the participant is entitled to
18   certain written materials on request.  If you're out of the
19   plan you qualify as a participant, at least we don't have to
20   deal with that if Mr. Goldstein is the plaintiff.  And then
21   there's the issue of standing going forward if you're out of
22   the plan.  Again, we don't have to deal with that if
23   Mr. Goldstein is the lead plaintiff.
24           We also pointed out that he did not sign a severance
25   or release whether he left the company, which is another issue
                 SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

16

81G9CITA                 Argument
1    that comes up, we won't have to deal with that here.
2            Mr. Goldstein, as we pointed out, he's present, his
3    loss is substantial.  He would make a good lead plaintiff for
4    this particular instance.
5            As to the experience issue, your Honor Stull, Stull &
6    Brody has a lot of experience in all phases of this particular
7    type of class action.  We were colead in one of the earliest
8    cases, the Lucent Technologies case in New Jersey.  We were
9    recently in the AOL Time Warner ERISA case before Judge
10   Kram.  We have a lot of other experience.
11           We represented the plaintiffs, as the court knows, in
12   the JPMorgan ERISA case before your Honor.  We lost that case,
13   but I think, fairly said, that was a difficult issue.  The
14   issue of whether 50282 applies or how it applies in a
15   case like this is now up before the Supreme Court in the LaRue
16   case.  It is an issue that has generated a lot of case law on
17   both sides.
18           I think the fact that we lost that, I don't think is a
19   reflection on the lawyering.  It was a tough issue.  The Court
20   ruled, and that's it.
21           Beyond that, your Honor, we're committed to the case.
22   We have the resources.  I think we'll do a good job if we're
23   appointed.
24           THE COURT:  Thank you, sir.
25           Let me hear from somebody for the Rose plaintiffs.
                 SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

17

81G9CITA                 Argument
1            MR. IZARD:  Good afternoon, your Honor.  Robert Izard
2    from Schatz Nobel Izard.
3            Your Honor, this --
4            THE COURT:  There's nothing wrong with working in
5    Hartford.
6            MR. IZARD:  I kind of like it actually.
7            You know, in terms of our experience, I think it's all
                              Page 8

424437_1

8   laid out in the brief.  I would just note, your Honor, that you
9   know, in our original brief and in my declaration there, and
10  then in the supplemental declaration I filed with the reply
11  brief, paragraph two of that, I think you can see that we have
12  really been at the forefront of this area of litigation, have
13  really handled some of the very biggest cases, and developed
14  the law in key areas such as how do you handle SEC filings
15  under ERISA, whether Dura loss foundation principles apply
16  under ERISA, whether securities law reliance presumptions apply
17  under ERISA, and these are groundbreaking.
18          We've been in this area from the beginning, and we're
19  quite proud of our results.  An issue I think appears to be our
20  size and how would we handle a case like this.
21          We do have nine full-time attorneys on our website.  I
22  know Harwood Feffer, at least from what I printed out the other
23  day, has eleven.  And the way we staff a case, and the way we
24  run a case like this is we have a core group of people in our
25  office who handle basically the day-to-day lawyering, the
                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

18

81G9CITA                    Argument
1   briefing, the negotiating, the court appearances and the
2   depositions.
3           We also have 23 other discovery attorneys.  We are a
4   totally electronic office.  We have no paper.  And we have 23
5   other attorneys around the country who analyze documents on our
6   behalf.  These are excellent lawyers, a Harvard law graduate
7   who has gone home to Kansas City to take care of his family
8   with Alzheimer's.  The dean of the Vermont Law School.
9           And these attorneys do substantive document analysis.
10  They send us emails about why this document is important, and
11  why that document is important.  So, through our use of
12  technology we are a much larger firm than the nine people that
13  basically draft pleadings.
14          That being said, we also work in teams.  I think a
15  question for the court is:  Does we're lead counsel mean sole
16  counsel?  And I respectfully submit that lead counsel does not
17  mean sole counsel.  Two firms have applied for the Gray
18  plaintiffs, but other firms are supporting them, and I suspect
19  there's a likelihood that there will be other firms working on
20  this case.  Usually these large class actions, a number of
21  plaintiffs firms work on a case.
22          I would commend to the court the transcript from the
23  Merck case which was attached to my supplemental declaration
24  where the judge appointed us to chair the lead counsel
25  committee, which is in effect lead counsel, chair of the
                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

19

81G9CITA                    Argument
1   executive committee, because we were going to lead the team.
2   And in my view the lead counsel is responsible for dealing with
3   the court, dealing with defense counsel, developing strategy
4   and moving the case forward.
5           We would expect to work closely with Cohen Milstein.
6   As you noted Mr. Machiz has a wealth of experience in this
7   area.
8           We worked with Cohen Milstein before, and we're happy
9   to work with other firms.  But based on the way our firm is
10  structured, we have more than ample support to handle this case
11  as well.
12          THE COURT:  Could you respond to Ms. Rosner's
                          Page 9

424437_1

13    comment -- in thinking about this beforehand, I wasn't making
14    the distinction in terms of liaison counsel versus lead
15    counsel.
16            Cohen Milstein came into this briefing, as near as I
17    can see, just last week, only in the reply papers.  So the
18    earlier briefs say neither bad nor good things about you,
19    really dealt with you and the Dealy firm and Schiffrin firm.
20    And in the reply briefing talk about you -- I don't think there
21    was any response in Cohen Milstein.
22            What can you tell me as to why there has been that
23    shift, if you can say anything?
24            And secondly, what would Cohen Milstein's role be?
25            And thirdly, respond to Ms. Rosner.  She seems to
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

20

81G9CITA                    Argument
1    think there's a case that disqualifies them from being lead
2    counsel.
3            So, talk to me.
4            MR. IZARD:  Yes, your Honor.  In terms of
5    disqualification, I think that is partly tied in with the
6    Schiffrin issue as well, just based on the papers.
7            First, this case does not present anything like the
8    conflict that existed in Cardinal.  And Schiffrin didn't have a
9    conflict and Cohen Milstein does haven't a conflict.
10           Schiffrin withdrew I believe because it filed an
11   application to be appointed lead plaintiff in the Citigroup
12   securities case, and I believe that case is before your Honor.
13   The lead plaintiff in the first case is Public Employees
14   Retirement -- or I'm sorry, Tilly Salzman but I'm looking at
15   the application filed by Schiffrin.  And under a FIFO basis
16   they have 131 million dollar loss and under a LIFO basis they
17   have a 50 million dollar loss.
18           So, I don't know -- Schiffrin didn't tell me, but they
19   filed that case, and there was a conflict with the securities
20   case, there's a conflict with the ERISA case.  So, there is no
21   conflict.
22           In fact there is plenty of law that says plaintiffs
23   can represent multiple plans in a class action.  Indeed,
24   everybody here seeks to represent two plans the Puerto Rico
25   plan and the Citigroup plan.  In the Tyco case I represent
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

21

81G9CITA                    Argument
1    seven plaintiffs.  I have a Second Circuit case and a Fifth
2    Circuit case over there, if the court is interested in the
3    topic, I can give those to the court.
4            Cardinal is different.  In Cardinal there was an
5    original case filed by Schiffrin.  It was a company stock case
6    like this against a company called Syncor.  And the argument
7    was that the Syncor stock was artificially inflated because
8    Syncor was involved in illegal activity abroad, which violated
9    the Foreign Corrupt Practices Act.  Syncor was then acquired by
10   Cardinal.
11           The Cardinal case argued that Cardinal was an
12   imprudent investment because of accounting improprieties in
13   Cardinal.
14           So the lawyers in the Cardinal case filed that case
15   both on behalf of the Cardinal plan and the Syncor plan which
16   owned Cardinal stock as a result of Cardinal's acquisition of
17   Syncor.
                        Page 10

424437_1

18     Where the conflict arose or the argument we made to
19 Judge Marbley about the conflict was in the event of the
20 settlement, and there was what global settlement, you would
21 have one set of attorneys representing the Cardinal plan only
22 with respect to Cardinal accounting and then the same set of
23 attorneys representing the Syncor plan with respect to both the
24 Cardinal accounting claim and the preexisting Syncor accounting
25 claim.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

22

81G9CITA                    Argument
1     The argument we made was that could create a conflict
2 with respect to allocation of settlement proceeds because how
3 do you determine what's the value of the Cardinal accounting
4 claim in the Cardinal plan and the Syncor plan versus the value
5 of the Foreign Corrupt Practices Act claim.
6     The Court could have dealt with that by appointing
7 separate counsel at the end of the case in order to properly
8 represent the Syncor claims, in order to make sure the
9 allocation was fair.
10     The argument we made to the Court was:  Why deal with
11 that then?  Why not deal with it now?  Let the Schiffrin firm
12 deal with the Syncor claims and let us deal with the Cardinal
13 claims.
14     I'm not aware of that being here in this case.  We
15 have the claims in this case, the 401(k) claims arising out of
16 the mortgage business.  And the cash balance case has been
17 going on for a long time, and it has nothing to do with the
18 mortgage cases, and there is no overlap.  And it was the
19 overlap and the need to allocate which was a concern for the
20 court in Cardinal.
21     To give you another example, in Enron, your Honor, the
22 judge allowed the same counsel to represent the 401(k) plan and
23 the cash balance plan in the Cardinal case.  So there wasn't a
24 conflict there because there weren't different claims that were
25 arguably competing.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

23

81G9CITA                    Argument
1     I would also note that Cohen Milstein is not counsel
2 in the cash balance case.  So, Cohen Milstein, to the extent
3 that there could be a potential conflict between the cash
4 balance case and the 401K case, it would not affect Cohen
5 Milstein at all.  So I don't understand either one; how there
6 could be a conflict, but even if there was it couldn't affect
7 Cohen Milstein.
8     And Schiffrin, I talked to Schiffrin.  Schiffrin did
9 not withdraw because they thought there was a conflict.  I
10 think this really reflects a misunderstanding of what the
11 Cardinal conflict was all about.
12     In terms of how this case would work, how it would
13 run, you know, as the Court said in Merck, I was the lead, I am
14 the person who spoke to the Court, but I was basically
15 coordinating the other counsel.  I would expect that Mr. Machiz
16 and his firm would play a very active role.  And frankly, he
17 has a wealth of experience, and I think it would be a huge
18 mistake not to draw on that.
19     But I would also -- at the risk of being repetitive, I
20 have a lot of experience in this area too.  I have been doing
21 nothing but this for five years; lead in Tyco, lead in Merck,
22 lead in Time Warner; lead in AT&T.  Paragraph 2 of my
Page 11

424437_1

23   supplemental declaration, filed last Friday, I think shows the
24   results we've had; very successful on motions to dismiss; very
25   successful on motions for class certification, which are
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

24

81G9CITA           Argument
1    vigorously contested, and as your Honor shows from JPMorgan,
2    are by no means a layup.  So we've gotten some big results.
3    We're very proud of our work.  We think we can do a great job
4    and we think we can do a great job working with Cohen Milstein
5    as well.
6            Do you have any other questions?
7            THE COURT:  Is there anyone else.
8            MR. WEXLER:  Paul Wexler for Ms. Tranberg.  Your
9    Honor, I'll be very brief.
10           From the perspective of someone who does not want to
11   be lead counsel, I just wanted to state for the record that we
12   support the Wolf Popper/Harwood application for a variety of
13   reasons, which I will not bore you with, but is clearly in our
14   papers.
15           Just to take a step back, your Honor knows the Wolf
16   Popper firm is a venerable firm.  They have a long history of
17   working very well with counsel.  I think everybody here is
18   eminently qualified for the job.  But just take one step back
19   and look at the objective factors here.  I think the fact that
20   they were first filed, the fact that they have the largest --
21           THE COURT:  Again, that's a PSLRA issue.
22           MR. WEXLER:  Right.  But the truth of the matter is
23   that because of all of the potshots that were being taken, I
24   think from the perspective of someone who does not want to be
25   lead counsel, I think those kinds of objective criteria should
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

25

81G9CITA           Argument
1    be a factor.  That's all I wanted to say.
2            THE COURT:  I want to read the Cardinal Health case,
3    think about something that's been said, a few things that have
4    been said.  So let's take a very brief break.  Ten minutes.
5    Thank you.
6            MR. IZARD:  Your Honor, I have a copy of the brief in
7    Cardinal that relates to the conflict.  I don't know if that
8    would be helpful to the court.
9            THE COURT:  You can hand it up.
10           (Recess)
11           THE COURT:  Please be seated.
12           I believe that all -- each of the applicants for the
13   interim lead counsel position are qualified and experienced.
14   But on balance, applying each of the four factors in Rule
15   23(g)(1)(A) that I identified earlier, I think the group most
16   able to represent the plaintiffs as interim lead counsel will
17   be Wolf Popper and Harwood Feffer.  I think you should be able
18   to call upon the ERISA experience of Schatz Nobel Izard and
19   Cohen Milstein, for that matter, in the course of your work,
20   but I think you have the deeper experience overall.
21           So I'm going to appoint those two firms as interim
22   lead counsel.  I'm going to appoint Messrs. Gray, Tadros, and
23   Bolla as interim lead plaintiffs.  I'm going to ask the lead
24   counsel -- colead counsel to meet with the attorneys for the
25   defendants and to submit, if you can, a joint case management
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
                           Page 12

424437_1

26

81G9CITA                    Argument
1   order.
2           I took a look at the ones that were submitted to me.
3   They, in general, looked all right but we have to now change
4   it.
5           I'm not going to get out a separate written order
6   today making these determinations.
7           You should include in Case Management Order No. 1 the
8   appointment of those two firms as colead counsel, and the
9   appointment of Messrs. Gray, Tadros, and Bolla as interim lead
10  plaintiffs and set a timetable -- and the other things, you
11  know, so the clerk's office will have one master file and so
12  forth.
13          On the assumption that there will be a challenge to
14  the complaint, I think what you should do is set a time for
15  consolidated -- filing of consolidated ERISA class action
16  complaint and set a time for motions addressed to the
17  consolidated complaint.
18          I take it there's a possibility that once a
19  consolidated complaint is filed there won't be any motions.
20  You can fold that into the management order as well.  But,
21  obviously, the defendants will need to see a consolidated
22  complaint before they can make that determination.
23          I do thank the other competing entities for offering
24  their services.  And as I say, I think -- I would hope that the
25  colead counsel will be able to utilize your services in the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

27

81G9CITA                    Argument
1   course of this litigation.
2           Is there anything else we need do today?
3           MS. ROSNER:  No.
4           MR. CLAYTON:  Your Honor, one small issue I would
5   mention.  As your Honor knows from the other case involving
6   Citi, that is also -- it's unrelated to the substantive
7   allegations here, it's a case called Leber, where there was a
8   pretrial conference a few weeks ago.
9           THE COURT:  That has nothing to do with this.
10          MR. CLAYTON:  Nothing factually to do with this.
11          In that case there was a joint request to stay the
12  matter because of the issues on appeal --
13          THE COURT:  In JPMorgan.
14          MR. CLAYTON:  -- on your Honor's JPMorgan decision.
15  So, that's an issue that we will be discussing with the
16  plaintiffs' counsel when we talk about the case management
17  order in this case.  I just wanted to note it because the same
18  issues apply here as apply in that other case.
19          THE COURT:  I see.  Thank you.
20          All right.  Thank you.
21          (Adjourned)
22
23
24
25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

Page 13

# Exhibit E

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORGE LARSON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:06-cv-10105-JLT |
| vs. | ) ) | |
| BOSTON SCIENTIFIC CORPORATION, JAMES R. TOBIN, PAUL A. LAVIOLETTE, FREDERICUS A. COLEN, LAWRENCE C. BEST, STEPHEN F. MORECI, THE PLAN ADMINISTRATIVE AND INVESTMENT COMMITTEE, AND JOHN DOES 1-30, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| ROBERT HOCHSTADT, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:06-cv-10159-JLT |
| vs. | ) ) | |
| BOSTON SCIENTIFIC CORP., JAMES R. TOBIN, LAWRENCE C. BEST, 401(k) PLAN ADMINISTRATION AND INVESTMENT COMMITTEE, AND JOHN DOES 1-30, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

[Caption continues on next page]

## [PROPOSED] PRETRIAL ORDER NO.1

JEFF KLUNKE, on behalf of himself and all others
similarly situated,                                              )
                                                                 )
                                                                 )
                          Plaintiff,                             )        Case No. 1:06-cv-10236-JLT
                                                                 )
              v.                                                 )
                                                                 )
BOSTON SCIENTIFIC CORPORATION, JAMES                             )
R. TOBIN, PAUL A. LAVIOLETTE,                                    )
FREDERICUS A. COLEN, LAWRENCE C. BEST,                           )
STEPHEN F. MORECI, THE 401(k) PLAN                               )
ADMINISTRATIVE AND INVESTMENT                                    )
COMMITTEE, and JOHN DOES 1-20,                                   )
                                                                 )
              Defendants.                                        )

KIRK HARVEY, on behalf of himself and all others                )
similarly situated,                                              )
                                                                 )
                                                                 )
                          Plaintiff,                             )        Case No. 1:06-cv-10265-RCL
                                                                 )
              v.                                                 )
                                                                 )
BOSTON SCIENTIFIC CORPORATION,                                   )
                                                                 )
                                                                 )
                          Defendant.                             )
                                                                 )

MICHAEL LOWE, Individually and On Behalf of                      )
All Others Similarly Situated,                                   )
                                                                 )
                                                                 )
                          Plaintiff,                             )        Case. No. 1:06-cv-10336-JLT
                                                                 )
              v.                                                 )
                                                                 )
BOSTON SCIENTIFIC CORPORATION, JAMES                             )
R. TOBIN, PAUL A. LAVIOLETTE,                                    )
FREDERICUS A. COLEN, LAWRENCE C. BEST,                           )
STEPHEN MORECI, RICHARD A. DUFFY, THE                            )
401(k) PLAN ADMINISTRATIVE AND                                   )
INVESTMENT COMMITTEE, AND JOHN DOES                              )
1-30,                                                            )
                                                                 )
                          Defendants.                            )

DOCS\350058v1

2

DOUGLAS FLETCHER, Individually and On
Behalf of All Others Similarly Situated,

               Plaintiff,

        v.

BOSTON SCIENTIFIC CORPORATION, JAMES
R. TOBIN, PAUL A. LAVIOLETTE,
FREDERICUS A. COLEN, LAWRENCE C. BEST,
STEPHEN MORECI, RICHARD A. DUFFY, THE
401(k) PLAN ADMINISTRATIVE AND
INVESTMENT COMMITTEE, AND JOHN DOES
1-30,

               Defendants.

Case. No. 1:06-cv-10438-JLT

WHEREAS, the Court has determined that consolidation of the above-referenced ERISA

actions, which involve common questions of law or fact, is appropriate under Fed. R. Civ. P.

42(a), and appointment of Interim Lead Plaintiffs, Plaintiffs' Interim Co-Lead Counsel and

Interim Liaison Counsel is appropriate as consistent with Fed. R. Civ. P. 23(g) and the

recommendations of the *Manual for Complex Litigation - Fourth (2005)*;

NOW, THEREFORE, THE COURT ORDERS as follows:

## I.   <u>CONSOLIDATION OF RELATED ACTIONS</u>

1.    The above-captioned ERISA actions and any action arising out of the same

operative facts under ERISA now pending or hereafter filed in or transferred to this Court are

hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action"). They shall be

referred to collectively as *In re Boston Scientific Corporation ERISA Litigation*, Master File No.

1:06-cv-10105.

## II.    CAPTION OF CASES

2.    Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE BOSTON SCIENTIFIC CORPORATION | ) | |
| ERISA LITIGATION | ) | MASTER FILE:  1:06-cv-10105-JLT |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| | ) | |

3.    When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III.    MASTER DOCKET

4.    A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order.  Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

5.    When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket.  No further copies need be filed nor other docket entries made.

DOCS\350058v1

4

6.      When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies, and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

## IV.     MASTER FILE AND SEPARATE ACTION FILES

7.      A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 1:06-cv-10105-JLT. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the Consolidated Actions and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

## V.     NEWLY FILED OR TRANSFERRED ACTIONS

8.      When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions as provided in Section I above and the Clerk of Court shall:

(a)     File a copy of this Order in the separate file for such action;

(b)     Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)     Make the appropriate entry in the Master Docket.

DOCS\350058v1

9.    This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

### VI.    APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

10.    This Order shall apply to each class action assigned to the undersigned alleging ERISA claims similar to those set forth in these actions.    This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint.

### VII.    DESIGNATION OF INTERIM LEAD PLAINTIFF

11.    The Court appoints Jeffrey Klunke and Michael Lowe to act as Interim Lead Plaintiffs in the Consolidated Action and all subsequently filed related actions consolidated herewith.    The Court shall make a final determination regarding the identity of Lead Plaintiff(s)/Class Representative(s) on plaintiffs' motion for class certification, or otherwise as the Court deems necessary and appropriate. Co-Lead Counsel for plaintiffs as identified below, may identify different or additional Lead Plaintiffs/Class Representatives at such time as they move for class certification in this litigation.

DOCS\350058v1

6

## VIII. DESIGNATION OF PLAINTIFFS' INTERIM CO-LEAD COUNSEL AND INTERIM LIAISON COUNSEL

### A.   Plaintiffs' Interim Co-Lead Counsel

12.   The Court designates the following to act as Interim Co-Lead Counsel for the putative class pursuant to Fed. R. Civ. P. 23(g)(2)(A) in the Consolidated Action, with the responsibilities hereinafter described:

> MILBERG WEISS BERSHAD
> & SCHULMAN LLP
> One Pennsylvania Plaza
> New York, New York 10119-0165
> Phone: (212) 594-5300
> Fax: (212) 868-1229
>
> WECHSLER HARWOOD LLP
> 488 Madison Avenue, 8th Floor
> New York, New York 10022
> Phone: (212) 935-7400
> Fax: (212) 753-3630

13.   Interim Co-Lead Counsel in the Consolidated Action shall have authority over the following matters on behalf of all plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiating, responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel as they may deem appropriate; (e) retaining plaintiffs' experts; (f) designating which attorneys may appear at hearings and conferences with the Court; (g) conducting settlement negotiations with defendants; and (h) other matters concerning the prosecution of or resolution of their respective cases.

14.   Interim Co-Lead Counsel shall have authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs. Defendants' counsel may rely on all agreements made with Lead Counsel, and such agreements shall be binding.

**B.      Plaintiffs' Interim Liaison Counsel**

15.      The Court designates the following to act as Interim Liaison Counsel for plaintiffs in the consolidated Action, with the responsibilities hereinafter described:

> MOULTON & GANS, P.C.
> 55 Cleveland Road
> Wellesley, Massachusetts 02481
> Phone: (781) 235-2246
> Fax: (781) 239-0353

16.      Interim Liaison counsel shall undertake the following responsibilities:    (a) maintain and distribute to co-counsel and to defendants' liaison counsel an up-to-date service list; (b) assist in the organization of meetings of plaintiffs' counsel and co-counsel; (c) accept service and distribute to co-counsel Orders from the Court and documents from opposing parties and counsel; (d) maintain and make available to co-counsel and other plaintiffs' counsel, at reasonable hours, a complete file of all documents served by or upon each party; and (e) establish and maintain an electronically accessible document depository.

## IX.    COORDINATION AMONG COUNSEL

17.      Plaintiffs' Interim Co-Lead Counsel and Interim Liaison Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

## X.    SCOPE OF ORDER

18.      The terms of this Order shall not have the effect of making any person, firm, or entity a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action.

## XI     PRELIMINARY SCHEDULE OF PROCEEDINGS

19.     Plaintiffs' Co-Lead Counsel shall meet and confer with defendants' counsel regarding a schedule for filing a consolidated class action complaint.  The consolidated class action complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.  Pending filing and service of the consolidated class action complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them.  Counsel for the parties shall also meet and confer regarding other case management issues as the Consolidated Action proceeds.

Dated:  _4/3/06_ 2006

United States District Judge